## BARLOW *v.* STRANGE, next friend.

120 1015
e127 754

1. A petition alleging that a contract entered into between three parties on one side and one on the other was invalid, and praying that the entire contract be set aside and cancelled, is not supported by evidence that the contract was invalid as to only two of the three contracting parties.
2. The charges complained of were not erroneous for any reason assigned, and the requests to charge, so far as legal and pertinent, were covered by the general charge.

Argued July 16,—Decided August 12, 1904.

Equitable petition.    Before Judge Holden.    Washington superior court.    August 11, 1903.

*Evans & Evans* and *James K. Hines*, for plaintiff in error, cited, as to mental incapacity to contract, *Ga. R.* 6/350; 31/513, 528; 44/638 (5); 48/193 (7); 77/724, 730; 5 Lawson's Rights, Rem. & Prac. 3981; 40 Ill. 188; 84 Ill. 371; 26 Wend. 255; 52 Me. 305 (83 Am. D. 514); 1 B. Monroe, 290.

*Rawlings & Howard, T. W. Hardwick*, and *E. W. Jordan*, contra.

COBB, J.    L. S. Strange, as next friend for Mrs. W. C. Strange, James B. Strange, and Belle Strange, brought suit against A. W. Barlow, alleging in the petition that the three plaintiffs for whose benefit the suit was brought were the owners of a tract of land, and that each of them was mentally incapacitated to manage the land or to make any contract concerning the same; that Joiner, acting as the agent of the plaintiffs, leased the land to the defendant for a period of twenty years, the lease to expire on December 31, 1917, for an annual rental of 2,500 pounds of lint-cotton; that Joiner was the father-in-law of the defendant, and had no other authority to act in behalf of the plaintiffs than such as was derived from them, never having been appointed as trustee or guardian for them by any order of court; that the rental value of the land was largely in excess of that stipulated in the lease; that while the lease was signed by the three plaintiffs, as well as by Joiner as their agent, it was really the contract of Joiner, the plaintiffs not realizing the character of the agreement which they executed; and that they signed the lease as the result of a fraud perpetrated upon them by Joiner and the defendant.    The prayer of the petition was, that the lease be set aside and canceled and the premises restored to the three plaintiffs, and that all the rights, privileges, and immunities which the defendant obtained under the lease be set aside and revoked.    The defendant filed an answer, in which he denied that the plaintiffs were of unsound mind, and distinctly alleged that they were of sound mind, and that the contract was valid and binding, and fair and reasonable in its terms.    The trial resulted in a finding for the plaintiffs that the lease be set aside and annulled.    The defendant excepts to a judgment refusing to grant him a new trial.

1. The plaintiffs asked that the entire lease be set aside. There was no prayer for any other relief. There is nothing in the petition to indicate that there was in the mind of the pleader an intention to ask for a judgment setting aside the lease in part and upholding it in part, thereby making one or more of the plaintiffs, as the case might be, co-owner or co-owners with the defendant during the time the lease was to run. In this state of the pleadings it was incumbent upon the plaintiffs to show that the lease as a whole was invalid. This might be done by showing that all of the plaintiffs were incapable of making the contract, by reason of mental infirmity, or that all of the plaintiffs, although not absolutely incapacitated to contract, were of weak mind, and were fraudulently induced to enter into the contract; or that some of the plaintiffs were incapable of contracting and others were fraudulently induced to contract. There was no evidence which would authorize a finding that the lease was the result of any fraud perpetrated upon the plaintiffs. The evidence warranted a finding that James B. Strange was of unsound mind and incapable of contracting. The evidence also authorized, and probably demanded, a finding that Belle Strange was of unsound mind and incompetent to contract. There was, however, no evidence whatever to show that Mrs. Strange was lacking in capacity to contract. It will thus be seen that the evidence authorized a finding that the lease was void as to two of the parties only; and as the prayer of the petition was for the cancellation of the entire lease, the case as laid in the petition was not proved, and the verdict was therefore contrary to the evidence. The plaintiffs relied upon the lease being void as a whole. The defendant relied upon the lease being good as a whole. The issue was sharply made by the pleadings; and as the evidence showed that it was good in part and bad in part, a new trial should have been granted upon the ground that the verdict was contrary to the evidence. Upon another trial the pleadings may be adjusted to the evidence, if it is the desire of any of the parties to ask for a judgment having the effect of upholding the lease in part and setting it aside in part.

2. Error is assigned upon the following charge: "A person is insane when he or she is not possessed of mind and reason equal to a full and clear understanding of the nature and consequence of his or her act in making the contract." In other grounds of

the motion for a new trial error is assigned upon other charges, which simply apply the rule above stated to the facts of the case. The assignment of error in each ground is that the charge does not contain a sound proposition of law. A charge in almost the same language as that complained of was, in *Frizzell* v. *Reed*, 77 *Ga.* 724, held to be sound law, although it was there said that it was not appropriate to the peculiar facts of that case. See also, in this connection, Clark on Contracts, 263, § 141. In *Maddox* v. *Simmons*, 31 *Ga.* 512, 527, Judge Lumpkin used this language: "I assume, in the first place, that to establish incapacity in a grantor, he must be shown to have been, at the time, *non compos mentis*, in the legal acceptation of that term, which means, not a partial, but an entire, loss of understanding." The rule thus laid down has been approved in two cases. See *Nance* v. *Stockburger*, 111 *Ga.* 821, and cit. There is no conflict between this rule and the one laid down in *Frizzell* v. *Reed*. Both recognize that in order to avoid a contract on account of mental incapacity, there must be an entire loss of understanding. The first case recognizes it in terms, and the second in effect. For one who has not strength of mind and reason equal to a clear and full understanding of his act in making a contract is one who is afflicted with an entire loss of understanding. The request to charge was, therefore, in effect covered by the general charge.

The foregoing disposes of all the assignments of error which require any elaborate discussion. There was no error in admitting in evidence the former lease between the same parties. The fact of its existence and its terms were circumstances which might be considered by the jury on the questions both of mental capacity and fraud. There was no error in any of the rulings on evidence which were complained of.

*Judgment reversed. All the Justices concur.*