### DeNIEFF *et al. v.* HOWELL *et al.*

1. Where the movant in a motion for new trial complains of a ruling excluding certain testimony, and this testimony, in substance, appears in the approved brief of evidence, the apparent conflicting statements will be harmonized by holding that, notwithstanding the ruling, the court at some other stage of the witness's testimony allowed the evidence. Under such facts the ruling will not require a new trial, even if the evidence was admissible.

2. In an action to cancel a deed on the grounds of mental incapacity of the grantor, undue influence exercised by the grantee, and non-delivery of the deed, it is not error to exclude the testimony of a witness that he did not know anything concerning the making of the deed until after the grantor's death, notwithstanding the witness may have testified that he was intimate with the grantor, and had frequently heard him say that he intended to give his property to others.

3. In the trial of an action to set aside a deed from a husband to his wife, brought after the grantor's death, it is not erroneous to exclude testimony that the widow had asserted her intention to claim a child's part in lieu of dower, and also a year's support out of the remainder of his estate.

4. In an action by children of a former marriage against the widow of a deceased grantor, to cancel a deed on the ground, inter alia, of its non-delivery, a defendant, who is a child of the grantor and the grantee, is not incompetent to testify that he saw the deed in the possession of the grantee, for the reason that he is interested and his testimony concerns a declaration by conduct of the grantee of the deceased grantor. This is so notwithstanding the grantor's administrator may be a party to the case.

5. On the issue of incapacity to contract it was not error to charge: "It does not require a high degree of mental power to make a binding contract. One who has enough of mind and reason to a clear and full understanding of the nature of the consequences of his act in making a deed is to be considered sane. One who lacks this capacity is to be considered insane. For, one who has not strength of mind and reason equal to a clear and full understanding of his act in making a contract is one who is afflicted with an entire loss of understanding."

6. In view of its context and of the evidence, the following instruction to the jury was not cause for a new trial: "A person standing in confidential relation to another is not prohibited from exercising any influence whatever to obtain a benefit to himself. The influence must be what the law regards as undue influence. Such influence that is obtained by flattery, importunity, superiority of will, mind, or character, which would give dominion over the will to such an extent as to destroy free agency, or constrain one to do against his will what he is unable to refuse. Such is the kind of influence which the law condemns as undue."

7. Where plaintiffs seek to cancel a deed for certain specific causes, it is no ground for new trial that the court omits an instruction that the deed may be cancelled for a cause not set up in the pleadings, and as to which no contention is made at the trial, even if such cause be ground for invalidating a deed.

8. The requests to charge were covered by the general charge.

9. The trial was without substantial error; a verdict was rendered on disputed evidence; the verdict has the approval of the trial judge, and we see no reason for disturbing his discretion.

JUNE 12, 1912.

Equitable petition. Before Judge Bell. Fulton superior court. April 29, 1911.

*J. F. Golightly* and *W. E. Suttles,* for plaintiffs.

*Malvern Hill, Rosser & Brandon,* and *Anderson, Felder, Roun-tree & Wilson,* for defendants.

EVANS, P. J. The children and representatives of children of A. H. G. Howell by a former marriage brought their action against his widow and a child of the last marriage, to cancel a deed to realty and a bill of sale to personalty, executed by A. H. G. Howell to the second wife. It was alleged that the instruments should be set aside, because the maker was non compos mentis, because of undue influence exercised by the grantee, and because the instruments were never delivered to the grantee. Pending the case the administrator of A. H. G. Howell was made a party plaintiff. The defendants prevailed at the trial, and the bill of exceptions is to the judgment refusing a new trial.

1. Four of the special grounds for new trial complain that the court declined to allow a witness, after stating the facts upon which he based it, to give his opinion that the grantor of the deed was not capable of transacting important business; that he was not a man equal to a clear and full understanding of the making of a deed; that he was a man of "borrowed ideas." The court ruled that the witness would be permitted to state his opinion, from the facts and circumstances enumerated by him, whether the grantor was of sound or unsound mind, but that his opinion as to the grantor's mental capacity to do particular acts was irrelevant. It appears from the approved brief of evidence that the witness did testify in substance to his opinion which was alleged to have been excluded. In such cases this court can not hold that the brief of evidence is incorrect, but must reconcile the two statements on the theory, that, while at one time the court made the ruling stated in the motion for new trial, at some stage of the examination the testimony was admitted. Under such facts the ruling will not require a new trial, even if the evidence was admissible. *Woods* v. *State,* 137 *Ga.* 85 (72 S. E. 908).

2. A nephew of the grantor, after testifying that he knew his uncle for many years and had heard him frequently say that he intended to give his property to two of his children, offered to testify that he knew nothing of the making of this deed until after the grantor's death. The court excluded so much of his testimony as related to his ignorance of the deed until after the grantor's

death. The testimony was wholly irrelevant on any issue made by the pleadings.

3. It was sought to show that the widow had asserted her intention to take a child's part and a year's support in the remainder of the grantor's property. The validity of the deed in question did not depend upon the widow's intention of asserting her legal rights in the estate of the grantor.

4. The defendants were the widow of the grantor and her son. The son was not a party to either instrument. He was made a defendant on the theory that all the heirs of the grantor were necessary parties to cancel the grantor's deed. The son was permitted to testify that he saw the deeds in the hands of his mother, the grantee, during the life of his father. This testimony was objected to on the grounds that he was interested, and that the declarations by conduct of his mother were inadmissible. Interest does not disqualify a witness. The witness was not testifying to any declaration of his mother in her favor, but to the physical fact that he saw the deeds in his mother's possession during his father's lifetime. This testimony was clearly admissible.

5. On the issue of total incapacity to contract the court instructed the jury as stated in the 5th headnote. The criticism is upon the last sentence of the instruction. This language was taken from the opinion of the Supreme Court in *Barlow* v. *Strange*, 120 *Ga.* 1015 (48 S. E. 344). In that case, as well as in the cases cited, it is pointed out that a person who is non compos mentis, in the legal acceptation of the term, is one who is entirely bereft of understanding, and that in order to avoid a contract on account of mental incapacity there must be an entire loss of understanding. The charge is not inaccurate, and the context shows that it was given on that phase of the case relating to the plaintiffs' allegation that the deed was void because of the mental incapacity of the grantor.

6. The excerpt from the charge contained in the 6th headnote is said to be erroneous, because in effect it amounts to an instruction that if the grantor was not so overcome as to be unable to refuse to make the deed, it would be good. Undue influence which operates to invalidate a will is such influence as amounts to deception or to force and coercion, destroying free agency. *Bohler* v. *Hicks,* 120 *Ga.* 800 (48 S. E. 306); Civil Code, § 3834. There

can be no fatally undue influence without a person incapable of protecting himself as well as a wrong-doer to be resisted. Undue influence which overturns an otherwise legal contract is the exercise of sufficient control over the person, the validity of whose act is brought in question, to destroy his free agency and constrain him to do what he would not have done if such control had not been exercised. Fraud and undue influence are not equivalent terms; undue influence may be a species of fraud, or it may exist without any positive fraud. The undue influence which will annul a deed must be of that potency which substitutes somebody else's will power for that of the grantor. It was in this connection that the court delivered the charge which is criticised.

7. The petition was constructed on the theory that the wife paid nothing for the land. The deed recited a consideration of ten dollars and love and affection. Complaint is made that the court failed to charge on the effect of the statute invalidating any sale by a wife of her separate estate to her husband without the approval of the superior court of the wife's domicile (Civil Code, § 3009). In the first place, we do not think the statute applies to the facts of this case; and in the next place, it is a rule of procedure that where a plaintiff seeks to cancel a deed because of specific defects, the court is not bound to charge that the deed may be void for another cause, as to which no contention is made either in the pleadings or on the trial.

8, 9. The requests to charge were covered in the general charge. The rulings of the court were not open to the objections taken to them, and the verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*