### TARVIN v. ROME COOPERAGE COMPANY.

ATKINSON, J. Paul Tarvin, by next friend, instituted an action for damages against the Rome Cooperage Company, a corporation. In the 5th and 6th paragraphs of the petition it was alleged, that the plaintiff "was an employee of the Southern Co-operative Foundry Company; that he was ordered by his boss, Charlie Moore, to go to the Rome Cooperage Company and carry a message in regard to some lumber for the Rome Cooperage Company; that the said Paul Tarvin was rightfully in the plant of the said defendant, attending to business for his said superior in the interest of his said superior and in the interest of the defendant; that the said Paul Tarvin, on entering the plant of the defendant, found it necessary, in attending to said business, to pass through and under the shaftings, beltings, and pulleys and machinery of the said defendant," and was injured on account of alleged acts of negligence in regard to keeping in a safe condition the pulleys and other machinery. By amendment it was alleged that the plaintiff "was invited in and upon said premises and into said plant of the defendant by the defendant, and by its agent and employee, Tim Corey, who had authority to do so, and with the full knowledge and consent of the said defendant plaintiff did enter in and upon the said premises and go into the plant of the defendant upon the errand and business as heretofore set forth." On the trial the plaintiff testified: "He [Mr. Moore] sent me there to tell Mr. Corey [the foreman of the defendant's cooperage plant] to come up there first, and I went down there and told him what he said, and he came up there to the foundry where we were at work. I found Mr. Corey in the cooperage plant. I went through the plant into the cooperage where he was. I went to see him the second time, and also went the third time. The third time I went I got hurt. I went in there and told Mr. Corey that Mr. Moore said, if he was going to come on, to do so, and if he was not coming, to send him the gun. Mr. Corey said to me, 'Wait a minute and I will see if I can get it.' I don't know where Mr. Corey went. He went out of the cooperage. While I was waiting I got hurt. The machine fell on me." *Held:*

1. By the allegations contained in the petition, the plaintiff projected his case, in so far as it related to a duty by the defendant to him, on the sole theory that he was on the defendant's premises by invitation on account of a matter of business in which the defendant was interested.

2. The evidence on this point did not support the case alleged; but, from the plaintiff's testimony explanatory of his presence on the defendant's premises, it appears that plaintiff was a trespasser, or, at most, a mere licensee.

3. The plaintiff having failed to prove his case as alleged, it was not erroneous to grant a nonsuit at the conclusion of his evidence.

*Judgment affirmed. All the Justices concur.*
June 25, 1915.

Action for damages. Before Judge Wright. Floyd superior court. February 3, 1914.

*Hamilton & Hamilton* and *Hutchens & Hutchens,* for plaintiff.
*Lipscomb & Willingham* and *Nathan Harris,* for defendant.