### SMITH, administrator, *v.* MCCLURE; *et vice versa.*

FISH, C. J. 1. This is an action brought by an administrator to cancel a conveyance of land, made by his intestate to the defendant, on the ground that the intestate, at the time of the execution of the deed, was insane. On the trial the court instructed the jury as follows: "The plaintiff contends . . that the deceased . . was insane and incapable of making a valid deed of conveyance at the time it is alleged he conveyed the property to the defendant, which allegation the defendant denies. I charge you that mere weakness of the mind resulting from old age, or feebleness of health, not amounting to imbecility, is not sufficient to warrant a jury in setting aside a deed, in the absence of fraud or undue influence. If one should have mind and reason sufficient to have a decided and rational desire as to what disposition he wishes to make of his property, and to clearly understand and appreciate the nature and consequences of his act in making a deed of gift, and he should make such a deed of conveyance to his property, having at the time such decided and rational desire to do so, and mind and reason sufficient to clearly understand that the nature of his act was to execute a deed to his property, and that the consequences of his act was to divest him or deprive him of his title and to convey it to or invest it in another, he would be capable of making a valid deed of gift under the laws of this State, though he might not have had greater mental capacity than that." The converse of these propositions was given in detail to the jury in immediate connection with what is above quoted. The instruction given was in substantial accord with prior decisions of this court. *DeNieff* v. *Howell*, 138 *Ga.* 248 (5), 251 (75 S. E. 202); *Bryan* v. *Bryan*, 139 *Ga.* 51 (2) (76 S. E. 563).

(*a*) The controlling issue being whether the grantor had sufficient mental capacity at the time of executing the deed, it was not error to fail to charge, in the absence of a proper request, "that once the plaintiff shows that J. M. McClure [the grantor] was insane, as was insisted, on the date he made the deed, that this state of mind is presumed, as a matter of law, to continue until the contrary is shown."

(*b*) All other grounds of the motion for a new trial (except the usual general grounds), assigning error on the failure of the court to charge in the absence of a timely written request, were mere elaboration of the charge as to mental capacity to execute the conveyance sought to be set aside; and therefore they furnish no cause for reversal.

2. The evidence was sufficient to authorize the verdict, and the court did not err in refusing a new trial.

*Judgment on the main bill of exceptions affirmed. Cross-bill of exceptions dismissed. All the Justices concur.*

Nos. 2178, 2211. MAY 11, 1921.

Equitable petition. Before Judge Howard. Butts superior court. July 10, 1920.

*C. L. Redman* and *W. E. Watkins,* for plaintiff.

*John R. L. Smith, Grady C. Harris, J. T. Moore,* and *H. M. Fletcher,* for defendant.