## 13122.   HOLLAND v. HILL.

1. " To avoid a contract on account of mental incapacity, there must be an entire loss of understanding."
2. The court properly directed a verdict for the plaintiff.

> DECIDED MARCH 7, 1922.

Complaint; from Banks superior court — Judge Fortson. November 12, 1922.

*W. W. Stark,* for plaintiff in error.

*Oscar Brown, S. R. Jolly,* contra.

BLOODWORTH, J.   John C. Hill, transferee, sued Ella Holland on a mortgage-note for $500, given to the original payees and transferors for services rendered by them as attorneys at law. The plaintiff alleged that he was a bona fide holder for value. The defendant filed a plea denying liability and denying that the plaintiff was " a bona fide purchaser of said note without notice." Upon the trial the plaintiff proved his case as alleged, and the defendant testified that the attorneys to whom the note was originally

given told her that their fee would be about eight or ten dollars, and that she had no recollection of giving the note, and that her mind was defective at times. After the introduction of all the evidence the judge directed a verdict for the plaintiff for the full amount sued for. The defendant made a motion for a new trial, which was overruled, and to the judgment overruling the motion the defendant excepted.

1. In the first special ground of the motion for a new trial it is alleged that the court erred in refusing to allow a witness, Pat Hardy, to testify that " for four or five years this woman (defendant) has not been in a condition mentally that she could make a contract." The court did not err in refusing to allow this witness to testify that the defendant had been in such condition mentally that she could not make a contract. This would be a conclusion of the witness, and there is nothing in the record to show that he was an expert, or knew what degree of mentality the defendant possessed, or knew what degree of mentality was necessary for the making of a contract. Furthermore, the testimony fails to show that defendant's understanding and reason was entirely gone *at the time she signed the note.* In *Bond* v. *First National Bank,* 19 *Ga. App.* 817 (92 S. E. 285), it was held: " To avoid a contract on account of mental incapacity, there must be an entire loss of understanding. *Frizzell* v. *Reed,* 77 *Ga.* 724; *Maddox* v. *Simmons,* 31 *Ga.* 512, 527; *Nance* v. *Stockburger,* 111 *Ga.* 821 (36 S. E. 100); *DeNieff* v. *Howell,* 138 *Ga.* 248 (75 S. E. 202). One who has not strength of mind and reason equal to a clear and full understanding of his act in making a contract is one who is afflicted with an entire loss of understanding. *Barlow* v. *Strange,* 120 *Ga.* 1015, 1018 (48 S. E. 344)."

2. There is no merit in that ground of the motion for a new trial that the court erred " in directing a verdict for the plaintiff in said case, because there were, as claimed by the movant, enough facts and circumstances in the case to require the jury to pass on and say whether or not the plaintiff was a bona fide innocent holder of said note before due and for value, and that it was error for the court not to leave that question to the jury, as well as whether or not the note sued on was an illegal contract, as well as whether or not defendant ever agreed to sign any such contract or note." The record shows that the plaintiff received the

note before it was due, and without notice of any defect or defense, and there was no proof of non est factum, gambling, or immoral and illegal consideration or fraud in its procurement. Civil Code (1910), § 4286.

Under the evidence as shown by the record, the verdict for the plaintiff was demanded, and the court did not err in directing a verdict in his favor, and in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*