26717. CAUTHERN *v.* GRESHAM LUMBER COMPANY.

DECIDED MARCH 16, 1938.

*Addleton & Hightower,* for plaintiff.
*Beck, Goodrich & Beck,* for defendant.

BROYLES, C. J. Florence Cauthern sued Gresham Lumber Company to recover damages for the alleged negligent homicide of her grown son. The defendant pleaded and introduced in evidence a contract of complete accord and satisfaction between the defendant and said son; and the plaintiff undertook to show that her son was incompetent to contract. There was evidence which authorized the jury to find that he was very weak mentally, and other evidence which warranted them in concluding that he was competent to contract. The jury found for the defendant, and this court can

not say that the trial judge erred in overruling the general grounds of the motion for a new trial.

The first ground of the amendment to the motion for a new trial is somewhat involved. Error is first assigned because it is alleged that the court erred in ruling out the following testimony of the witness P. W. Ethridge: "He [plaintiff's son] was what I called a mental defective." This testimony appears in the approved brief of the evidence, and, under the following rule, laid down in *DeNieff* v. *Howell*, 138 *Ga.* 248 (75 S. E. 202), the ruling was not error: "Where the movant in a motion for new trial complains of a ruling excluding certain testimony, and this testimony, in substance, appears in the approved brief of evidence, the apparent conflicting statements will be harmonized by holding that, notwithstanding the ruling, the court at some other stage of the witness's testimony allowed the evidence. Under such facts the ruling will not require a new trial, even if the evidence was admissible." See also *Tompkins* v. *American Land Company*, 139 *Ga.* 377 (6) (77 S. E. 623). It is next averred in the ground that the court erred in refusing to allow the same witness to answer the following question: "From your observation of him and from what you have just said, would you say he [plaintiff's son] was a person of normal mind capable of executing a release and signing checks and things like that?" Counsel for the defendant objected to the witness's answering the question, on the ground that it invoked a conclusion. Counsel for the plaintiff stated: "I have laid the foundation by asking him all the little things he did, and now I am asking his opinion." Counsel for the defendant said: "He can give his opinion as to his mind, but it is a question of fact for the jury to say whether or not he could sign a check or release." The court then said: "He is not an expert." Whereupon counsel for plaintiff said: "I am not qualifying him as an expert." In view of the foregoing statement of counsel, the court's statement that the witness was not an expert was not a harmful expression of opinion by the court tending "to discredit any and all testimony given by that witness." Error is also assigned in this connection, because the court "erred in excluding and refusing to let said witness answer said question." "In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear that a pertinent question was asked, and that the court ruled out the answer." *Grif-*

*fin* v. *Henderson*, 117 *Ga*. 382 (2) (43 S. E. 712). The court's statement that "he is not an expert" was not a refusal to allow the witness to answer the question asked, and the ground does not disclose any ruling to which exception could be taken. There is no merit in the ground.

In special ground 2 error is assigned on the following excerpt from the charge of the court: "I charge you further, to establish incapacity in a person to a contract, he must be shown to have been, at the time, non compos mentis in the legal acceptation of that term, which means, not a partial, but an entire, loss of understanding." The error alleged being that the court did not (without request) add the following clause to the foregoing excerpt: "which means that one has not the strength of mind equal to a full understanding of his act in making a contract is a person of an entire loss of understanding." The charge given by the court follows closely the language of Judge Lumpkin in *Maddox* v. *Simmons*, 31 *Ga*. 512, 527. The addendum suggested in the ground follows the rule laid down in *Frizzell* v. *Reed*, 77 *Ga*. 724 (2). In *Barlow* v. *Strange*, 120 *Ga*. 1015, 1018 (48 S. E. 344), this language appears: "There is no conflict between this rule [the one stated in *Maddox* v. *Simmons*] and the one laid down in *Frizzell* v. *Reed*. Both recognize that in order to avoid a contract on account of mental incapacity, there must be an entire loss of understanding. The first case recognizes it in terms, and the second in effect. For one who has not strength of mind and reason equal to a clear and full understanding of his act in making a contract is one who is afflicted with an entire loss of understanding." See also *Durrett* v. *McWhorter*, 161 *Ga*. 179, 186 (9) (129 S. E. 870), and cit. There is no merit in the ground. Special ground 3 is practically identical with the ground just decided, and is also without merit. In conclusion, we hold that for no reason assigned did the court err in overruling the motion for new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*