1. The evidence introduced by the petitioner did not prove the material allegations of the petition. The court did not err in rendering the judgment of nonsuit. Pace v. Harris, 97 Ga. 357 (24 S.E. 445); Ritter v. Fagin, 119 Ga. 848
(47 S.E. 188); Mizell v. Satilla Turpentine Co., 140 Ga. 46 (78 S.E. 335); Tarvin v. Rome Cooperage Co., 143 Ga. 596 (3) (85 S.E. 755).
2. The court did not err in refusing to allow the petitioner to testify that he left the continental United States on March 14, 1942, and arrived on Ascension Islands on March 30, 1942, and did not receive any mail until July, 1942, it not appearing that such testimony was relevant to any issue in the case.
3. There is no merit in the exception to the court's ruling excluding testimony of a witness relating the reason why he signed the purchase contract, this same witness having testified elsewhere without objection that he signed the contract because his son had no credit rating and he was requested to sign the contract as surety.
Judgment affirmed. All the Justicesconcur.
 No. 15323. NOVEMBER 15, 1945.
 STATEMENT OF FACTS BY DUCKWORTH, JUSTICE.
The petition of Q. M. Ables against Motor Contract Company alleged: That the petitioner purchased a described Dodge automobile from the defendant, executing at the time a lien contract for the balance of the purchase-money. The petitioner has paid approximately $600 on the purchase-price, and there remains approximately $200 unpaid. In 1941 after the petitioner had defaulted in some monthly payments, and claiming to act under the terms of the lien contract for the unpaid purchase-money, the defendant took possession of the automobile without the knowledge or consent of the petitioner. The automobile was at the time worth $850. The defendant sold the same and has failed and refused to account to the petitioner for the proceeds of such sale. The petitioner has tendered the balance owing, and his tender has been refused. The defendant's act in taking possession of the automobile constitutes a rescission of the purchase contract and entitles the petitioner to recover what he has paid thereon less charges for interest and wear. The prayer was for judgment for $600 or such sum as an accounting may show that the petitioner was entitled to, for a rescission of the purchase contract, and, should the court find that the petitioner is not entitled to a rescission, that the defendant be required to account to the petitioner for all sums received for the automobile less the amount due on the purchase contract, and for general relief.
The defendant answered, denying the material allegations of the petition, and affirmatively pleading that Kirkland Motor Company sold to the petitioner and his father the automobile in question for $763.48; that the petitioner and his father signed a contract to the seller, the same being a lien on the automobile for the deferred payments; that on June 23, 1942, the father brought the automobile to Kirkland Motor Company, where it remained on storage for eight months, during which time no payments were made on the purchase-price; and that on March 4, 1943, the petitioner's father, acting as agent for himself and the petitioner, stated to the Kirkland Motor Company that he and his son had no further interest in the automobile and that this company might sell the same, and at the same time signed a release for the automobile. Kirkland Motor Company sold the automobile for $795, with which it paid to the defendant the balance due it of *Page 32 
$380.43, and the balance of the purchase-money, amounting to $396.30, was retained in the hands of that company. The defendant denied that it had committed any of the acts charged in the petition or that it was liable to the petitioner for any amount whatever.
The petitioner and his father both testified at the trial and described the contract between them and Kirkland Motor Company by which the automobile was purchased and various payments made thereon, for which signed receipts were produced and introduced in evidence; their testimony showing that the petitioner was, at the time the automobile was purchased, a member of the armed forces of the United States. Neither of the witnesses testified in support of the allegations of the petition that the defendant took possession of the automobile in question and sold the same. The petitioner did introduce in evidence certain letters written to the defendant by John D. Edge as attorney for the petitioner, making a demand upon the defendant for an accounting and settlement for the automobile, and contending that, under the provisions of the Federal statute known as the soldiers' and sailors' civil relief act of 1940, the petitioner was entitled to have been protected against the act of the defendant in taking possession of the automobile, and also letters from the defendant to the attorney Edge in reply to his letters, in which it was contended that the Federal statute had no application to this matter, since at the time the automobile was purchased the petitioner was a member of the United States Army, and also stating that "at the time of the purchase and at the time of our repossession under power of sale" the Federal statute applied only to obligations created prior thereto.
At the conclusion of the petitioner's evidence a nonsuit was entered, and to this judgment the petitioner excepts, assigning error also upon certain rulings excluding testimony.