32775. WOFFORD *v.* WALDRIP.

DECIDED DECEMBER 5, 1949.

566

*Boyd Sloan, E. C. Brannon,* for plaintiff in error.
*G. Fred Kelley, Sam S. Harben,* contra.

GARDNER, J. ■ Under the pleadings and stipulations there is but one question left for the court to decide. That question is, did H. K. Wofford, the plaintiff in error sign the notes as principal with V. B. Waldrip? The evidence on this issue is conflicting. The jury found against Wofford. The evidence, as will be seen by a reference to it, sustains the verdict. The trial court having approved this verdict, we are not authorized to set it aside. Wofford could, even though the notes did not show that he signed as surety and not as principal, establish by parol evidence that he signed the notes as surety and not as principal. This he endeavored to do, but the jury disagreed with him. We do not deem it of any benefit to call attention to authorities with reference to this principle of law. It is too well established. There is no contention as between counsel on this principle. The assignments of error on the general grounds are not meritorious.

■ We have set out the evidence in particularity as it relates to the two special grounds. This we did in order to illustrate our conclusions as to these special grounds. Counsel for both parties treat the two special grounds together in their argument, and we will deal with them together in the opinion.

When H. K. Wofford was on the stand, counsel for the defendant propounded to him a question to the effect as to who was supposed to pay the plaintiff the money in question. The witness answered: "V. B. Waldrip." Another question was propounded to Wofford to the effect as to who was supposed to be primarily responsible. The witness again responded, "V. D. Waldrip." Again the witness was asked: "You realize that you were signing as surety? Answer, Yes, sir." Counsel for the plaintiff objected to this testimony on the ground that it was a conclusion, hearsay, irrelevant and in contradiction to the notes and at variance with the valid written instrument. The court sustained these objections and refused to allow the testimony. It is averred in this motion that the testimony was offered by Wofford and that the court ruled the evidence out and would not let it be considered by the jury; that the evidence would have been beneficial to Wofford and that the exclusion of it was hurtful and prejudicial to him for the reasons (a) that the ruling prevented Wofford from proving suretyship as set out in

his plea, and he was excluded from the right to prove surety-ship; (b) that the evidence was material to the issue involved in the case for the reasons that the only issue submitted to the jury was the issue of suretyship and this evidence was material proof of suretyship. The second ground assigns error because when Wofford, a witness for the defendant, was on the stand, the court refused to allow an answer to a pertinent question propounded by counsel for Wofford. The question was: "Mr. Wofford, did you sign the three notes as principal or surety?" If the witness had been permitted to do so, he would have answered that he "signed as surety and not as principal." The court was then and there informed at the time the question was asked that the question would be answered as above stated if the witness was permitted to answer. It is contended that this testimony was material to the issue involved in the case and that the refusal of the court to permit the witness to answer the question was prejudicial to the movant because it prevented Wofford from getting the benefit of testimony to prove the suretyship which was the only issue in the case. We think the court should have permitted the witness to have answered, but the question is, was this reversible error? We have called attention to the evidence as above stated, somewhat in detail. When we review the whole testimony in the case, the evidence of the same import and effect complained of was given by the same witness without objection. In another portion of the testimony Wofford testified: "I signed it as surety." Another part of the record reveals that Wofford testified without objection: "I did not agree to be responsible as principal with Verdis [meaning V. B. Waldrip] on the notes. I didn't agree to be responsible principally. I realize that if Verdis does not pay the notes, I will have to pay them." In another portion of the testimony Wofford was asked if he told V. B. Waldrip that he was surety only before suit was filed. He answered: "Verdis knew I was surety on it." He was again asked if he ever said anything to V. B. Waldrip about signing as surety, and he answered that V. B. Waldrip was to furnish the finances. Again he was propounded the question, "Q. You never told Verdis a word that you were signing as surety?" Answer: "Yes, sir." He was again asked in effect if he contended at the time that he was

on as surety and he replied: "Yes, sir." This court in *Davis* v. *Wing*, 72 *Ga. App.* 380 (3) (33 S. E. 2d, 725), said: "It was not harmful to the defendant for the court to exclude testimony, when testimony of the same import was allowed to go to the court and jury." See also in this connection, *Ables* v. *Motor Contract Co.*, 200 *Ga.* 30 (3) (36 S. E. 2d, 148). In *Cauthern* v. *Gresham Lumber Co.*, 57 *Ga. App.* 497, 498 (196 S. E. 242), this court said: "Where the movant in a motion for a new trial complains of a ruling excluding certain testimony, and this testimony, in substance, appears in the approved brief of evidence, the apparent conflicting statements will be harmonized by holding that, notwithstanding the ruling, the court at some other stage of the witness's testimony allowed the evidence. Under such facts the ruling will not require a new trial, even if the evidence was admissible." There are other decisions to the same effect. The assignments of error on the special grounds show no cause for reversal.

■ The motion to dismiss the bill of exceptions is denied.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*