## WHITLEY et al. v. COLEMAN et al.

WYATT, Justice. Plaintiffs in error filed suit against defendants in error, seeking the cancellation of a certain deed executed by the deceased grantor to defendants in error a few months prior to his death. Since the sufficiency of the pleadings is not before us, they will not be repeated in detail here. The petition alleged in substance, however: that the alleged grantor did not execute the deed; that the alleged grantor did not have mental capacity required by law to execute a valid deed at the time the deed was executed; that the consideration for the deed was inadequate; that defendants in error used undue influence to cause the alleged grantor to execute the deed to them; and that the alleged grantor executed the deed to defendants in error under duress and fear. Plaintiffs in error are the heirs at law of the deceased grantor. At the conclusion of the evidence for plaintiff in the court below, defendant moved for a nonsuit, and this motion was sustained and a nonsuit granted. To this judgment plaintiff in error excepted and assigns as error the granting of the motion for nonsuit. *Held*:

1. There is no evidence in the record to show that the alleged grantor did not execute the deed in the instant case.

2. There is not sufficient evidence in the instant case to show that the consideration for the deed in question was inadequate; and no evidence as to the value of the services rendered by defendants in error to the deceased grantor.

3. There is no evidence in the record to show that defendants in error practiced any undue influence or duress on the deceased grantor for the purpose of inducing him to execute the deed to them, nor evidence to show that the grantor was in fact induced to execute the deed because of undue influence or fear.

4. Plaintiffs in error base their right to recover primarily on the theory that the grantor did not have the mental capacity required by law to execute a valid deed at the time the deed was executed. "In order to avoid a deed on the ground of mental incapacity of the grantor, he must have been *non compos mentis,* that is, entirely without understanding at the time the deed was executed." *Thomas* v. *Lockwood,* 198 *Ga.* 437 (31 S. E. 2d, 791). See also *Maddox* v. *Simmons,* 31 *Ga.* 512; *DeNieff* v. *Howell,* 138 *Ga.* 248 (75 S. E. 202); *Barlow* v. *Strange,* 120 *Ga.* 1015 (48 S. E. 344); *Smith* v. *McClure,* 151 *Ga.* 484 (107 S. E. 330), and cases cited. In the instant case, not one of the witnesses for the plaintiff in the court below testified that they saw the grantor at the time he signed the deed. Not one of the witnesses testified that they saw the grantor on the day the deed was executed. Not one of the witnesses called by the plaintiff in the court below testified that the grantor was insane. On the contrary, every witness who testified to the fact, refused to say, when specifically asked the question, that the old man was insane. Placing the most favorable interpretation on the testimony for the plaintiff in error, the most that it amounts to is that the grantor had certain peculiarities and eccentricities. Under the facts in the instant case, that is far short of being such a complete lack of understanding as is required, by the rules stated in the cases above

cited, to authorize a court of equity to cancel and set aside a deed executed by him. A nonsuit is proper and should be granted whenever the plaintiff completely fails to prove the essential allegations of his petition. *Culberson* v. *Everett,* 152 *Ga.* 497 (110 S. E. 275); *Tarvin* v. *Rome Cooperage Co.,* 143 *Ga.* 596 (85 S. E. 755); *Tison* v. *Yawn,* 15 *Ga.* 491. Under the rulings above made, the judgment of the court below granting a nonsuit was not error.

*Judgment affirmed. All the Justices concur.*

No. 17327. MARCH 12, 1951.

*D. T. Ware* and *Willis Smith,* for plaintiffs.
*Boykin & Boykin,* for defendants.