SUMMER, by guardian, *v.* BOYD.

No. 17498.  Submitted June 11, 1951—Decided July 9, 1951.

*D. Carl Tallant* and *R. Wilson Smith Jr.,* for plaintiff.

*E. C. Brannon* and *J. P. Fowler,* for defendant.

DUCKWORTH, Chief Justice. ■ The first amended ground of the motion for new trial excepts to the refusal to charge a timely written request as follows: "One is insane who has not strength of mind and reason equal to a clear and full understanding of the nature and consequences of his act in making a deed. One who has not strength of mind and reason equal to a clear and full understanding of his act in making a contract is in the eyes of the law one who is afflicted with an entire loss of understanding." It is the indisputable right of a litigant to have given in the charge a pertinent legal charge timely requested in writing. Code, (Ann. Supp.), § 70-207 (Ga. L. 1937, p. 592). The full substance, if, not the precise verbiage, of the request here dealt with has been approved without qualification by this court, in the following decisions: *Dickens* v. *Johnson,* 7 *Ga.* 484; *Frizzell* v. *Reed,* 77 *Ga.* 724; *Barlow* v. *Strange,* 120 *Ga.* 1015 (48 S. E. 344); *De-Nieff* v. *Howell,* 138 *Ga.* 248 (75 S. E. 202); *Durrett* v. *McWhorter,* 161 *Ga.* 179 (129 S. E. 870); *Taylor* v. *Warren,* 175 *Ga.* 800 (166 S. E. 225); *Lester* v. *Baxter,* 184 *Ga.* 368 (191 S. E. 429, 111 A. L. R. 493). In *Frizzell* v. *Reed,* supra, the charge approved was: "One who has strength of mind and reason equal to a clear and full understanding of the nature and consequences of his act in making a deed, is to be considered sane; one who lacks this capacity is to be held insane," although the court there stated that it was more favorable to the complainant than he had a right to expect. In *Maddox* v. *Simmons,* 31 *Ga.* 512, this court held that, in order for one to avoid a deed, which he had executed, upon the ground of mental incapacity, it must be

shown that he was at the time of its execution bereft of understanding. In *Barlow* v. *Strange,* supra, these two decisions were considered and it was held that they were not in conflict but were in substance the same. In *Durrett* v. *McWhorter,* supra, this court denied a request to review and overrule the decisions of *Barlow* v. *Strange* and *DeNieff* v. *Howell,* supra. The array of decisions by this court, approving this as a correct statement of the rule, should put at rest any question of its soundness at this time. The written request here involved is, as stated above, in all material respects the same as the rule so uniformly approved by this court. Consequently the court erred in refusing the request and, for this reason, a new trial must be ordered.

Were it an open question at this time, we would hesitate to give approval to the requested charge because of the likelihood that it might lead the jury into a misunderstanding of the rule. It would seem safer, if added to the rule as stated in the request to charge, were an explanation of precisely what is meant by a full and clear understanding of the nature and consequences of his act. The law contemplates no more than that he understand that he is signing a deed and that it divests him of title. It would require a higher degree of intelligence than is necessary under the law for the grantor to clearly and fully understand that the consequences of his act would be to render him insolvent, to displease his family, or render him dependent. It would therefore seem to be the safer and fairer practice to thus explain the rule when given in the charge, to avoid the destruction of contracts and deeds that are, under the rule, perfectly valid.

But, as stated above, the decisions cited make the written request a correct statement of an applicable rule of law to the case there being tried and, under the statute, the plaintiff was entitled to have it given in the charge in the language requested.

■  The other amended grounds complain of excerpts from the charge: that (1) the jury was instructed that the question for their decision was whether or not the grantor was sane on the day the deed was executed; and (2) if the grantor was insane when he executed the deed, but subsequently while sane ratified the same, he would not be entitled to have it cancelled. On the record neither of these complaints is meritorious. Throughout

the charge it was repeatedly stated that, in order for the deed to be upheld, it must be shown that the grantor was sane at the time he executed the same; and there was evidence offered by the defendant of various acts and conduct of the grantor upon which the witnesses based their conclusions that he was sane. For these reasons there is no merit in these special grounds.

■ Under Code § 20-206, when one has been adjudged insane by a court of competent jurisdiction and his affairs have been vested in a guardian, he can not make a valid contract. But, despite such adjudications of insanity, if no guardian has been appointed, the validity of his contract depends upon his sanity at the time of its execution. *Weeks* v. *Reliance Fertilizer Co.*, 20 *Ga. App.* 498 (93 S. E. 152). In such a case the law presumes a continuance of insanity, and one contracting with such person has the burden of proving sanity at the time the contract is executed. *Dicken* v. *Johnson*, 7 *Ga.* 484 (2) (supra); *Akin* v. *Akin*, 163 *Ga.* 18 (135 S. E. 402); *Martin* v. *Martin*, 185 *Ga.* 349 (195 S. E. 159). While it is necessary when the question of mental capacity is raised that such capacity be shown to have existed at the time the contract was made (*Thomas* v. *Lockwood*, 198 *Ga.* 437, 31 S. E. 2d, 791), yet this may be done by evidence of mental condition for a reasonable period of time both before and after the execution of the contract. *Thompson* v. *Mitchell*, 192 *Ga.* 750 (16 S. E. 2d, 540); *Renfroe* v. *Hamilton*, 193 *Ga.* 194 (17 S. E. 2d, 709). In the present case, the burden is upon the defendant, after it has been shown that the plaintiff was adjudicated insane by a court of competent jurisdiction in 1924, to rebut the presumption of a continuance of insanity and to show that he was sane at the time he executed the deeds in question. While the evidence was in conflict on this point it was sufficient to authorize the jury to find that he had regained his sanity and was sane at the time of the execution of those deeds. The verdict was authorized by the evidence, and the general grounds of the motion for new trial are without merit. The judgment must be reversed solely because of the refusal to charge as requested, as held in division 1 of the opinion.

*Judgment reversed. All the Justices concur, except Wyatt, J., who concurs in the judgment but not in all that is stated in the opinion.*