## 22467. PACE v. PACE.

CANDLER, Justice. Ruth Pace filed a petition in the Superior Court of Fulton County against Amanda Pace, her daughter. In substance it alleges: Amanda Stinson Stephens, her deceased mother, had been a diabetic for 25 years prior to her death and for the past several years had not been fully competent. About 1950 or 1951 she conveyed to Amanda Stinson Stephens real property she owned at 852 Ashby Place in the City of Atlanta on her promise to obtain a loan on it, take the proceeds of such loan and make a down payment on property at 348 Ashby Street, rent the property at 852 Ashby Place to help pay the installments on such loans, purchase 348 Ashby Street, which was one-third rented, and use such rentals to pay the loan on 348 Ashby Street, and make a will leaving both of such properties to the petitioner. The petitioner had made improvements on the property at 348 Ashby Street and paid for the same, all to the knowledge of the defendant. Her mother, contrary to her agreement, sold the property at 852 Ashby Place to some person or persons unknown to the petitioner and placed the proceeds derived therefrom in a bank or banks and subsequently made the defendant a joint depositor thereof to enable her to obtain the same, and that she has since the death of Amanda Stinson Stephens withdrawn them from such bank or banks. Petitioner's mother also conveyed the property on Ashby Street to the defendant on or about May 30, 1961, contrary to her agreement to leave it by will to the petitioner. At all times mentioned herein the decedent agreed to leave both of said pieces of realty to the petitioner for the consideration of conveying the property at 852 Ashby Place to decedent, and the defendant knew of this arrangement. It is also alleged that the defendant at all times mentioned in the petition knew of the agreement between the petitioner and the de-

cedent and used undue influence on the decedent to obtain the benefits alleged in the petition. The prayers are that the defendant be required to specifically perform the agreement between the petitioner and the decedent Amanda Stinson Stephens by conveying the property at 348 Ashby Street to the petitioner; that she be required to pay over to the petitioner the proceeds she received from the sale of the property at 852 Ashby Place; and that she have such other equitable aid and relief as the court deems right and proper. The petition was demurred to on the grounds that it set forth no cause of action either at law or in equity; that the contract referred to in the petition is too vague and indefinite to be capable of being performed specifically; and that a contract to make a will cannot be specifically performed by a decree in equity unless its terms and conditions are clear and certain and precisely alleged. The demurrers were sustained and the petitioner was given 30 days to amend her petition to meet the demurrers and the order also provided that if no such amendment was filed within the time allowed, the case was to stand dismissed.

Within the time allowed by the court, the petitioner tendered an amendment to her petition which in substance alleges: From 1947 until the time of her death, the decedent suffered from diabetes, pulmonary edema, "Myocardial infection" and angina. It also alleges on information and belief that her physical condition caused impairment of her mentality. It further alleges that if she executed the deed to the defendant, it was because she was not mentally alert and did not understand the significance of what she was doing and executed it under a misapprehension of what she was doing, and that it was a nullity because of the circumstances hereinabove recited and she is entitled to her day in court so that the allegations in the amendment may be proven by competent testimony. The defendant renewed all of her former demurrers to the petition as amended. They were sustained and the petition as thus amended was dismissed by the court on February 7, 1964. The exception is to that judgment. *Held:*

1. A petition which states a cause of action for any of the substantial relief sought is not subject to general demurrer. *Bridges v. Brackett*, 205 Ga. 637 (4) (54 SE2d 642).

2. There is no merit in the contention that the alleged contract is too vague and indefinite to be capable of being specifically

performed. Its terms and provisions are clear and certain, and it is clear also that the defendant knew of its existence when she received the proceeds from a sale of the property at 852 Ashby Place and when she took a deed from the decedent to the property at 348 Ashby Street.

3. Treating the allegations of the amended petition as true, which we must do for purposes of the demurrer, it was sufficient to show that the plaintiff was entitled to recover from the defendant the proceeds she received from a sale of the property at 852 Ashby Place; it being one of the places which the decedent had agreed for a valuable consideration to leave by will to the petitioner, an agreement which the defendant knew of at the time she received such proceeds.

4. The allegations of the amended petition are sufficient to show that the decedent Amanda Stinson Stephens did not have the required and necessary mental capacity to convey the property at 348 Ashby Street at the time she executed the deed to the defendant. It alleges that she was at such time "mentally incapable of understanding clearly the things that she said and did" and "that she was not mentally alert and did not understand the significance of what she was doing and executed said deed under a misapprehension of what she was doing." In *Barlow v. Strange*, 120 Ga. 1015, 1017 (48 SE 344), this court unanimously approved the following charge: "A person is insane when he or she is not possessed of mind and reason equal to a full and clear understanding of the nature and consequence of his or her act in making the contract." It was there held: "For one who has not strength of mind and reason equal to a clear and full understanding of his act in making a contract is one who is afflicted with an entire loss of understanding." For like rulings, see *Dicken v. Johnson*, 7 Ga. 484; *Frizzell v. Reed*, 77 Ga. 724 (1a); *Taylor v. Warren*, 175 Ga. 800 (1) (166 SE 225); *Ison v. Geiger*, 179 Ga. 798 (1) (177 SE 596); *Thomas v. Dumas*, 207 Ga. 161 (3), 162 (60 SE2d 356); and *Summer v. Boyd*, 208 Ga. 207 (66 SE2d 51). Hence, we hold that the allegations of the amended petition state a cause of action for specific performance of the contract which the decedent Amanda Stinson Stephens made with the plaintiff respecting the property at 348 Ashby Street.

5. Where one for a valuable consideration promises to make a will leaving certain property to another and fails to do so,

equity will require specific performance of the contract. *Banks v. Howard,* 117 Ga. 94 (43 SE 438) ; *Cagle v. Justus,* 196 Ga. 826, 831 (28 SE2d 255). The rule just stated applies to an oral as well as a written contract to devise property where the party in whose favor the will was to be made has performed his or her part of the contract. *Gordon v. Spellman,* 145 Ga. 682 (89 SE 749, AC 1918A 852). And, if after notice that one has made a contract to pass title to another to certain property, a third person cuts in, buys it, and takes a conveyance thereto, such person stands in the place of his vendor, and a court of equity, if it would decree specific performance of the contract by his vendor, will render a like decree against him. *Bryant v. Booze,* 55 Ga. 438; *Grooms v. Grooms,* 141 Ga. 478 (2) (81 SE 210) ; *Finney v. Blalock,* 206 Ga. 655 (1) (58 SE2d 429). "He who takes with notice of an equity takes subject to that equity." *Code* § 37-115.

6. For the reasons stated in the 5 preceding divisions of this opinion, the amended petition was not subject to general demurrer.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 14, 1964—DECIDED MAY 28, 1964.

*R. P. Herndon,* for plaintiff in error.
*Mitchell, Clarke, Pate & Anderson, Stephens Mitchell,* contra.