## 32533. LEACHMON v. LEACHMON.

HALL, Justice.

Appellant, Jesse Leachmon, appeals from a judgment of divorce and the award of real estate and an automobile to his wife.

1. The appellant complains that the trial court erred in striking his demand for trial by jury and granting a divorce to the appellee on the pleadings. We disagree. The appellee petitioned for divorce from the appellant on grounds that the bonds of marriage have been irretrievably broken as defined in Code Ann. § 30-102 (13). The appellant counterclaimed for divorce on grounds of wilful and continued desertion for the term of one year as defined in Code Ann. § 30-102 (7). The trial court was correct in granting a divorce on the pleadings and striking the appellant's demand for trial by jury. *Dickson v. Dickson,* 238 Ga. 672 (235 SE2d 479) (1977).

2. The parties were married in 1956. In 1972 the appellant conveyed the disputed real estate and automobile to his wife in an attempt to affect a reconciliation.

The undisputed evidence was that he was sober at the time of the transfers. However, he contends that he was incompetent because his brain had been damaged by habitual intoxication. It is well settled that in order to avoid a deed on the ground of mental incapacity of the grantor, he must have been non compos mentis, that is entirely without understanding at the time the deed was executed. *Williams v. Williams,* 223 Ga. 374, 375 (155 SE2d 383) (1967); *Thomas v. Lockwood,* 198 Ga. 437(1) (31 SE2d 791) (1944). Where the evidence relied on to show mental weakness of the grantor arising from intoxication shows that the grantor had periods of sobriety in which he was able to conduct business, and fails to show that he was intoxicated at the time the conveyance was made, it is not sufficient to avoid the transaction, although it appears that the grantor was a hard drinker, and that habit of intoxication had affected his health, and frequently rendered him unfit for business. Ralston v. Turpin, 25 F 7, affd. 129 U. S. 663 (9 SC 420, 32 LE 747) (1885); 38 AmJur2d 815, Gifts, § 12.

Appellant's contention is without merit.

The automobile was a valid gift under Code Ann. §§ 48-101 and 108-116. *Scales v. Scales,* 235 Ga. 509 (220 SE2d 267) (1975); *Williams v. Thomas,* 200 Ga. 767 (38 SE2d 603) (1946).

3. We have considered the remaining enumerations of error and find them without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 13, 1977 — DECIDED SEPTEMBER 7, 1977 — REHEARING DENIED SEPTEMBER 28, 1977.

*Hirsch Friedman,* for appellant.

*Fredericks, Jones & Wilbur, Jimmy W. Jones,* for appellee.