## 58820. WATKINS et al. v. DAVIS.

McMURRAY, Presiding Judge.

Nineteen days prior to his suicide, Allen Watkins, Jr., signed a document which purported to change the beneficiary of an insurance policy on his life to "S. Denise Davis, Niece, 617 Emery Highway, Macon, Georgia." There is no person shown to be the natural subject of decedent's bounty and affection by this name. The decedent insured did have a daughter named Tracy Denise Watkins and a half niece named Sharon Yvonne Davis, neither of whom lived at 617 Emery Highway, the address of the mother of the decedent where decedent was living at the time of his death.

This action was initiated when a complaint was filed on behalf of Sharon Davis against the insurer to compel payment to her of the sum due under the policy. The insurer answered and filed its complaint for interpleader naming as defendants thereunder Denise Watkins, a minor child, and Ossie Mae Watkins, wife of the deceased who was named as beneficiary under the policy prior to the purported change.

Briefly Sharon Davis, the niece of the insured decedent, and Denise Watkins, the daughter of the insured decedent, each contends that she is the intended person the insured named under the purported change of beneficiary. Ossie Mae Watkins contends that her husband did not possess sufficient mental capacity to execute the change of beneficiary.

The case was tried before a jury. Verdict and judgment were in favor of Sharon Davis. Denise Watkins and Ossie Mae Watkins appeal. *Held:*

1. During the cross examination of the mother of Allen Watkins, Jr., the plaintiff objected to any inquiry as to the events which followed the purported change of beneficiary. The trial court sustained the objection and ruled that any inquiry as to the mental condition of the deceased following the time of the purported beneficiary change was irrelevant. This ruling was also invoked during the direct examination of the sister of the deceased.

Relying upon *English v. Shivers,* 220 Ga. 737, 740 (2) (141 SE2d 443), defendants contend that testimony which

relates to a reasonable period of time after the execution of the change of beneficiary form is admissible and relevant in determining the state of mind of the decedent at the time of the execution of the change of beneficiary form. Plaintiff responded that in order to show error the record should have been perfected by an offer of proof as to the excluded testimony. "On direct examination, to afford a basis for the assertion of error, it must appear that a pertinent question was asked, that the court ruled out an answer, that a statement was made to the court at the time showing what the answer would be, and that such testimony was material and would have benefited the complaining party. [Cits.] In respect to cross examination, however, it need not appear that the court was apprised of the expected answer to the question propounded to the witness [Cits.] But the rejection of evidence, even if it be admissible, is harmless error unless it appears that the evidence is of such a character that it would have materially affected the finding of the jury. [Cits.]" *Foster v. National Ideal Co.*, 119 Ga. App. 773 (1) (168 SE2d 872).

No offer of proof was made as to the excluded testimony of the deceased's mother and sister. The exclusion of the sister's testimony occurred on direct examination; therefore, in the absence of an offer of proof as to what her testimony would be, no error is shown. Any error which occurred in the exclusion of the testimony of the mother was harmless. She had already testified that she had detected no changes in her son's behavior prior to his death and had no idea he planned to commit suicide until the gun went off. She testified "... he always had the same way. I didn't notice any difference in his way, or neither his acts." Testimony having already been admitted which presented the mother's perception of the state of mind of her son after execution of the change of beneficiary form and prior to his suicide, there does not appear to have been any exclusion of evidence which would have materially affected the findings of the jury.

2. The defendants enumerate as error the following charge to the jury: "Now, in order to void a change of beneficiary on the ground of mental incapacity, which is one of the defenses of the interpleading defendants, of the signer, they must show the person making the change

must have been non compos mentis, that is, entirely without understanding, at the time the change was made." This charge is adjusted to the facts of the case sub judice from the language of *Jones v. Smith,* 206 Ga. 162, 165 (8) (56 SE2d 462). Similar language can be found in other cases involving an issue as to the existence of a mental contractual capacity, such as *Thomas v. Lockwood,* 198 Ga. 437, 445 (1) (31 SE2d 791); *Higgins v. Trentham,* 186 Ga. 264 (2), 267-268 (197 SE 862); and more recently, *Leachmon v. Leachmon,* 239 Ga. 780 (2) (238 SE2d 863).

The defendants contend that the language of the charge in question is inconsistent with the holding of our Supreme Court in *Ison v. Geiger,* 179 Ga. 798 (1) (177 SE 596): "The degree of mentality necessary for a party to execute a valid contract is that he or she must be possessed of mind and reason equal to a clear and full understanding of the nature and consequence of his or her act in making the contract." See also in this regard *Tate v. Potter,* 216 Ga. 750, 752 (2) (119 SE2d 547) and *Wood v. State Farm Life Ins. Co.,* 146 Ga. App. 186, 188 (1) (245 SE2d 876). Defendants argue that there is a wide gap between the two lines of cases set forth above. The apparent conflict is reconciled, however, by *Pace v. Pace,* 220 Ga. 66, 68 (137 SE2d 28) quoting from *Barlow v. Strange,* 120 Ga. 1015, 1018 (2) (48 SE 344), as follows: "For one who has not strength of mind and reason equal to a clear and full understanding of his act in making a contract is one who is afflicted with an entire loss of understanding." There is no merit in defendants' contention that the charge in question is incorrect. It is apparent from *Pace v. Pace,* 220 Ga. 66, supra, that the two lines of cases set forth are opposite sides of the same coin rather than as defendants believe, the extremes of a broad continuum.

3. Defendants' final enumeration of error complains of the refusal of the trial court to give two requested charges. The instructions given by the trial court amply cover the principles involved in the requested instructions. There is no requirement that "the court instruct in the exact language of a request, even though the request may be correct as an abstract principle of law which is directly applicable to a material issue. [Cits.]"

*Seagraves v. ABCO Mfg. Co.,* 121 Ga. App. 224, 226 (3) (173 SE2d 416); *Seaboard C. L. R. Co. v. Davis,* 139 Ga. App. 138, 140 (2) (227 SE2d 915).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED OCTOBER 30, 1979 — DECIDED DECEMBER 5, 1979.

*Russell Wing Lewis,* for appellants.
*Stewart R. Brown,* for appellee.