## 62353. REED v. WILLIAMS.

BIRDSONG, Judge.

Robert Freeman Russell for several years prior to the lawsuit here involved was the joint owner and operator of a scrap iron business together with his son, Joseph Russell. Freeman Russell was an admitted alcoholic the latter years of his life and throughout the time of the joint business venture with his son. Freeman Russell on numerous occasions was admitted to private and state hospitals for detoxification and mental therapy. At one point, Freeman purchased his son's interest in the business but at a subsequent divorce between Freeman and his last wife, the wife settled the business on Freeman. Joseph then repurchased the business and took his father back in as an "employee." Freeman retained the services of the appellant Reed to bring suit against his son Joseph, seeking damages and punitive damages alleging that Joe had "stolen" the business from him (Freeman) during one of the commitments. Because Freeman was an alcoholic, Reed demanded a cash retainer for services rendered in bringing suit against Joseph. Freeman paid Reed a total of $5,000 as retainer to bring the suit. Suit was filed in Hall County and a second duplicative suit filed in Forsyth County because of lack of jurisdiction over Joseph in Hall County. Thereafter, Freeman Russell died. His daughter, Virginia Russell Williams, his administratrix, obtained a court order directing that the suit against Joseph was not in the best interest of the estate and obtained a dismissal of the suit. Virginia Williams then sought a return of a major portion of the $5,000 fee paid to Reed inasmuch as Reed did not have to pursue the suit to conclusion. Reed maintaining that the $5,000 was paid as a retainer rather than a fee declined to return any of the monies paid. Suit was then filed by Virginia Russell Williams on behalf of Freeman Russell's estate, to recover $4,000 of the monies paid to Reed. The principal issue litigated at the trial was whether Freeman Russell was competent to enter into a contract with Reed. The jury, following comprehensive instructions on capacity to contract, returned a verdict for Virginia Russell Williams in the amount of $2,500. Reed brings this appeal enumerating as error the denial of a motion for summary judgment, the denial of a motion for directed verdict, and the denial of his motion for judgment nov or alternatively a new trial. *Held:*

1. Reed has argued throughout this controversy that the documents signed by him as receipts for the $5,000 paid by Russell were denominated as receipts for a "retainer" and not for a legal "fee." Appellant argues that he was entitled to the entire retainer, regardless of whether the lawsuit was prosecuted to completion. He

further argued that the evidence offered by Virginia Russell Williams showed that while Freeman Russell might have suffered from a diminished mental capacity, the evidence did not show a total lack of understanding which he argues is necessary to void a contract. See *Watkins v. Davis,* 152 Ga. App. 735, 737 (263 SE2d 704). However, evidence was presented by medical witnesses that Freeman Russell could not comprehend or understand the mental processes involved in business transactions and particularly the ramifications of a retainer-fee dichotomy or the full impact of a lawsuit involving a conversion of a business. While this evidence was disputed, a jury was warranted under the evidence presented in finding Freeman Russell incompetent to enter into the contract in dispute. Where the trial judge approves the verdict of the jury, the sole question for determination is whether there is any evidence to authorize it. It is our duty to construe the evidence to uphold the verdict rather than upsetting it. *Frost v. Williamson,* 239 Ga. 266, 268 (236 SE2d 615); *Bell v. Brewton,* 139 Ga. App. 463, 464 (228 SE2d 600).

2. On appeal Reed argues that during the trial of the case, the plaintiff offered evidence that tended to ratify the contract. However, this argument was never presented to the trial court and is raised for the first time on appeal. We have long held that one is limited on appeal to objections or issues raised in the trial court. Issues cannot be raised for the first time before an appellate court. *Johnson v. Heifler,* 141 Ga. App. 460, 461 (233 SE2d 853). Inasmuch as this is the sole basis advanced by Reed in his argument that the trial court erred in denying his motion for summary judgment, we will not consider the merits of that argument.

3. The remainder of Reed's arguments and enumerations deal with the validity of the agreement providing for the payment of a "retainer." Each of these arguments assumes the mental capacity of Freeman Russell to enter into the contract. Reed argues that the jury must have found Russell competent or the jury would have returned the entire $5,000 (or the $4,000 demanded) to the estate based upon a void contract rather than the $2,500 verdict. He continues that argument with the contention that because the jury found the contract valid, the jury should have returned a verdict in his favor because a "retainer" is a fee to secure the services of an attorney to the exclusion of his retention by the opposing party and does not pertain to services subsequently rendered. Alternatively, if the jury found the money was a "fee" rather than a "retainer," the verdict should be in his favor because the applicable statute (Code Ann. § 9-611) provides that if an attorney is denied the right to proceed with a case because of the actions of the client and the attorney remains willing and able to proceed with the case, the attorney may recover the entire fee. Reed

maintains and the record supports that the suit was dismissed at the order of the plaintiff, Virginia Russell Williams. Lastly Reed argues that he should be able to prevail because the jury returned a verdict of $2,500 yet no evidence was offered of the value of the services rendered by Reed and thus the jury had no guidelines as to the appropriate amount of any verdict it might return.

We are not persuaded by any of these arguments. We would be required to reject the verdict of the jury in order to reach any of the positions advocated by Reed. As previously indicated, our duty is to affirm the verdict of the jury if it is supported by any evidence. Certainly from its verdict, it is possible to find that the jury determined Freeman Russell to be incompetent. Code Ann. § 9-611, in addition to the protections claimed by Reed, also provides that where no special contract is entered into, the attorney may recover for the services actually performed. Thus, it is supportive of the jury's verdict to conclude that the contract was void (thus no contract existed) but Reed was entitled to the value of the services performed. This value had been determined by Reed's agreement with Russell to be at least in the amount of $5,000. Because the jury was not attempting to establish the previously unstated value of attorney fees (for instance, as in the case of costs of litigation based upon stubborn litigiousness) but what part, if any, of the $5,000 previously paid had been earned, we conclude that the jury could use its own enlightened judgment in establishing the value of those services. The jury was aware of the efforts expended by Reed in preliminary investigation and the filing of two suits. The verdict of $2,500 was well within the range of the evidence and less than the amount demanded by the plaintiff. There was evidential support for the verdict.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 13, 1981 —
REHEARING DENIED OCTOBER 30, 1981 — ▮▮▮▮▮▮▮

*J. Douglas Parks,* for appellant.
*J. D. Smith, Jr.,* for appellee.