(21 App. Div. 298.)

O'CONNELL v. BEECHER et al.

(Supreme Court, Appellate Division, Fourth Department. October 15, 1897.)

EVIDENCE OF INSANITY.
    A plaintiff is not competent to give his opinion as to the unsoundness of his own mind, in order to evade the effect of an agreement made by him.

Appeal from trial term.

Action by John O'Connell against Luke A. Beecher and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Fary B. Beecher, for appellants.

George T. Spencer, for respondent.

FOLLETT, J. This action was begun in a justice's court in 1895, to recover damages for alleged trespasses in April and May, 1895, upon about three acres of land in the town of Cohocton. The defendants appeared, and answered that the title of the locus in quo was in the defendants Luke A. Beecher and Byron King. Upon the interposition of the plea of title, the action in the justice's court was discontinued, and this action begun, on the 6th day of June, 1895. The

question litigated on the trial was whether the title was in the plaintiff or in the defendants Luke A. Beecher and Byron King. The plaintiff claims title under a deed executed to him by Rice Moulton and wife, October 1, 1857, and recorded November 9, 1857, and also by adverse.possession. The deed referred to assumes to convey 160 acres of land, which is bounded by the lands of adjoining owners, and by the Cohocton river. The lengths and courses of the boundary lines are not given, and from the description in the deed the court is unable to ascertain the shape of the plaintiff's land and the other facts important to be known for an intelligent understanding of this case. No diagram of the plaintiff's land, of the defendants' land, and of the adjoining lands of other owners, about which testimony was given, is contained in the record. It appears that the counsel for the litigants each had a diagram made for his own convenience; and the witnesses, when under examination, described the lines of the land in dispute by referring to the diagrams, and saying that such a point was "here," and that such a line was "from here to here," which conveys no information to this court, and would not even if the diagrams were in evidence, unless the points referred to on the maps were identified by the witnesses by appropriate descriptive terms. If this case is retried, it is hoped that a survey will be made, and a diagram or diagrams furnished which will show the lines of the original lots, the lines of the parties' premises, and the lines of such other premises as may be referred to for the purpose of locating the lines in dispute.

The plaintiff introduced evidence which, it is asserted, establishes that he had been in the peaceable possession of the disputed premises, claiming title, for more than 20 years. To meet this claim, the defendants gave evidence of a survey made April 19, 1888, at which the then owner of the defendants' land and the plaintiff were present, by which survey their boundary line was located, and the land in dispute found to be a part of the farm now owned by the defendants. The surveyor and others testified that the plaintiff on this occasion expressed himself satisfied with the line then established. Afterwards, it is agreed, the plaintiff and the then owner of the land now owned by the defendants joined in the erection of a division fence on this line so established, each building one-half thereof, which fence stood until 1891 or 1892, when it was removed by the plaintiff. For the purpose of avoiding this practical location of the boundary line, the plaintiff was permitted to testify that in 1883 he fell from a building. and was severely injured. This was competent. But he was further permitted to testify that for eight or nine years thereafter his mind was not right. This evidence was objected to, on the ground that the witness was not an expert, and that he was not competent to testify on the question of the soundness or unsoundness of his own mind. The objection was overruled, and the witness answered. A motion was then made to strike out this evidence, which was denied, and the defendants excepted. This was error. The witness was not an expert, and was not competent to give an opinion upon this question. It would establish a dangerous rule to hold that a party to a contract or a transaction is competent to

testify that he was not of sound mind at the time of the transaction or at the date of the contract. For this error the judgment must be reversed. It may be observed that this witness, who attempted to stultify himself, flatly contradicted the testimony of the surveyor and the other witnesses who testified to what occurred when the survey was made. He seems to have had sufficient mental capacity to know what was done at the time the survey was made, to remember and testify to the transaction after a lapse of several years.

The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.