(23 Misc. Rep. 693.)

PFAU v. ALTERIA et al.

(Supreme Court, Appellate Term. June 6, 1898.)

1. APPEAL—OBJECTIONS NOT RAISED BELOW.

Where, in an action to recover damages for personal injuries sustained through the alleged negligence of the defendant, the latter moves to dismiss the complaint upon the sole ground of failure to show negligence, he cannot, on appeal, seek a reversal of a judgment against him on the ground, not raised below, that the plaintiff was guilty of contributory negligence.

2. OPINION EVIDENCE.

The plaintiff in a negligence suit, who is not an expert, cannot be allowed to testify that his injuries will be permanent.

Appeal from Sixth district court.

Action by Louis Pfau against Jerome Alteria and another to recover damages for personal injuries sustained in consequence of defendants' negligence. From a judgment in favor of plaintiff, defendant Alteria appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Edward V. Thornall, for appellant.
Sidney J. Cowen, for respondent.

GIEGERICH, J. The respondent was injured by a portion of a brick, which fell from a scaffold in front of a building in the course of erection, while standing on the sidewalk, from three to five feet

from the east end of the building. He had been employed upon such building as a bricklayer for three weeks prior to the accident. His services had been dispensed with about an hour previously, and he was waiting for his pay.

A reversal of the judgment is sought on the ground, among others, that the respondent was guilty of contributory negligence. No such ground, however, was urged in the court below. There the only reason assigned for a dismissal of the complaint was that the negligence of the appellant had not been shown. In Quinlan v. Welch, 141 N. Y. 158, 165, 36 N. E. 12, the court applied the rule that a motion for a nonsuit is ineffectual unless the grounds upon which it is based are specified. There the defendant moved for a nonsuit upon two grounds, and upon appeal sought to add another. At a subsequent term of the same court it was held, in Gerding v. Haskin, 141 N. Y. 514, 520, 36 N. E. 603, that, "where no grounds are specified for a nonsuit, the motion is sufficient if it be apparent that the objection made to the plaintiff's recovery could not have been obviated if it had been particularly specified." As we are not satisfied, however, that the alleged defect in plaintiff's case could not have been supplied, had his attention been specifically called thereto, it must be held that the said ground for dismissing the complaint cannot in any event be considered upon this appeal.

On the trial the plaintiff testified: "But I tell you, your honor, my head will never be the same as it was." Objection was made to this portion of the testimony, and a motion made to strike it out, upon the ground that the respondent was not an expert as to his injuries. The motion was denied, and the appellant noted an exception. We think such ruling was erroneous, for the reason that the witness was not an expert, and therefore was not competent to give an opinion upon this question. O'Connell v. Beecher, 21 App. Div. 298, 47 N. Y. Supp. 334.

For this reason, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.