### 41511. PETTEWAY v. CONTINENTAL CASUALTY COMPANY et al.

ARGUED SEPTEMBER 8, 1965—DECIDED SEPTEMBER 29, 1965—REHEARING DENIED OCTOBER 20, 1965.

*Eugene M. Kerr,* for plaintiff in error.

*Cumming, Nixon, Eve, Waller & Capers, John D. Capers,* contra.

FELTON, Chief Judge. The claimant's accidental injury occurred on July 29, 1959. No notice was given to the employer within 30 days thereafter and claim was not filed with the board until November 6, 1963. The claimant excepts to the judgment of the superior court affirming the full board's award denying compensation.

"The test as to whether a claimant is so 'mentally incompetent' under the Workmen's Compensation Act (*Code* § 114-306) as to toll the running of the statute of limitations is this: Is his mind so unsound, or is he so weak in his mind, or so imbecile, no matter from what cause, that he can not manage the ordinary affairs of life?" *Royal Indem. Co. v. Agnew,* 66 Ga. App. 377 (1) (18 SE2d 57); *Kell v. Bridges,* 77 Ga. App. 424 (1) (48 SE2d 780). There was evidence relevant to this issue as follows: That the claimant had finished grammar school within the normal required time and could read and write; that, after the injury on July 29, 1959, the claimant was confined to three different hospitals for a total period of time of just under 4 months; that, in March 1962, the claimant applied for and began receiving Social Security benefits, which checks he sometimes cashed; that the claimant would have filed a claim prior to 1962 had he known the compensation law; that in 1962 he consulted a lawyer about filing a claim, but was advised that he could do nothing about it; that 8 months prior to the hearing he had been walking to a bus stop to obtain his six weeks' check-ups; that he had not had any business affairs before or after the accident; that he had been going to a barber shop to get his hair cut for about a year and a half; that for a year and a half prior to the hearing the claimant had been able to speak "pretty good and outside of the paralysis on one side of his body he gets along pretty good." Dr. Peter G. Cranford, a psychologist, testified that, based upon his examination of the claimant, it was his opinion that, if the claimant were told that he should file a compensation claim, he could comprehend that and likewise if a lawyer told him he couldn't do anything for him; that the fact that the claimant receives Social Security indicates that he comprehends his legal rights; that the claimant had a normal personality and is only selectively mentally incompetent because he would have to have someone to assist him in manipulating money and in working with digits and figures. Dr. William L. Griffin testified that the claimant talked of his legal affairs when he saw him in February, 1962, and that he could not state that the claimant was not able to take care of his affairs. Dr. Louis L. Battey,

an internal medicine specialist, testified that the claimant had had severe hypertension without sufficient relation to the exertion of his work activities to associate the onset of his cerebral hemorrhage with his work activities; that, although the claimant had evidence of paralysis resulting from a stroke, he saw no evidence of impairment of his mental faculties to the extent that he could not manage the ordinary affairs of life.

Although there was evidence to the contrary, the weight and credit to be given to the testimony of witnesses and also the conflicts in the evidence are matters for determination by the board. *Weathers v. American Cas. Co.,* 94 Ga. App. 530 (1) (95 SE2d 436). The award, being based on competent evidence with no error of law appearing, was properly affirmed by the superior court and must be here affirmed. *Code* § 114-710; *Weathers v. American Cas. Co.,* supra (1) and cit.; *Liberty Mut. Ins. Co. v. Elrod,* 102 Ga. App. 548 (2) (116 SE2d 890).

*Judgment affirmed. Jordan and Deen, JJ., concur.*