## 33777. McCRAW v. WATKINS.

HILL, Justice.

The plaintiff and defendant agreed to exchange tracts of land and they executed deeds to the properties. The defendant remained in possession of the tract he had conveyed and later the plaintiff instituted dispossessory proceedings. The defendant defended by asserting that he was mentally incompetent. The trial court granted partial summary judgment to the plaintiff as to his ownership of the property on the ground that the defendant had not shown he had been adjudicated incompetent prior to the time his deed was executed and there had been no tender back of the other tract. At trial the jury heard evidence as to and fixed the rental value.

1. "Ordinarily the question of mental capacity to contract is a question of fact to be determined by a jury. *Jones v. Hogans,* 197 Ga. 404, 410 (29 SE2d 568)." *Ehlers v. Golding,* 227 Ga. 742, 744 (182 SE2d 870) (1971). In such a case the question is whether the contracting party had the requisite mental capacity at the time of contracting (*Dean v. Goings,* 184 Ga. 698 (1-4) (192 SE 826) (1937)), not solely whether there had been an

adjudication of incompetency prior thereto. *Williford v. Swint,* 183 Ga. 375 (2) (188 SE 685) (1936). A motion for summary judgment is properly granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660).

In a case in which the issue is whether one of the parties had the requisite mental capacity to contract, opinion evidence will not authorize the grant of summary judgment that the party was competent. *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393) (1969). See *Howard v. Walker,* 242 Ga. 406 (1978). Cf. *Gunter v. National City Bank,* 239 Ga. 496 (238 SE2d 48) (1977). The defense of incompetency was sufficient to present a genuine issue as to a material fact in this case. Therefore, the grant of partial summary judgment as to mental competency was error. A jury issue as to mental competency was presented and must be submitted to the jury.

2. No case has been cited and none has been found requiring a defendant to offer to return the consideration of the contract to the plaintiff as a condition of asserting the defense of mental incapacity to avoid the contract. Cf. *Kontos v. Jordan,* 57 Ga. App. 267, 273 (2a) (195 SE 210) (1938). In view of the fact that a defendant may assert alternate defenses (Code Ann. § 81A-108 (e) (2)), one of which might require tender and the other not, it would appear that the court should not require tender as a prerequisite to asserting a defense (e.g., failure of consideration) but should decree restoration in the event the avoidance defense is upheld. Cf. *Dean v. Goings,* supra.

3. The defendant also enumerates as error the overruling of his motions for continuance and appointment of a guardian ad litem. The overruling of the motion for continuance has been rendered moot by the new trial granted as a result of Division 1, above. Although it would appear that a prima facie case may have been made by the Tennessee hospitalizations and determinations that defendant is incompetent, the trial court had the benefit of observing the defendant conducting his own defense at the outset of this litigation. Therefore we cannot say that the overruling of the motion

for appointment of a guardian ad litem was error. Moreover, at this point the necessity for appointment of a guardian ad litem will depend upon the defendant's condition upon remittitur and the present status of the Tennessee litigation involving this same transaction.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 30, 1978 — DECIDED OCTOBER 17, 1978 — REHEARING DENIED OCTOBER 30, 1978.

*G. M. Adcock,* for appellant.
*Ross L. Hatcher, III,* for appellee.