60333. TRI-CITIES HOSPITAL AUTHORITY et al. v. SHEATS.

CARLEY, Judge.

On June 20, 1978, appellee-Sheats filed the instant malpractice action against the appellants based upon treatment received on

September 8, 1974. In avoidance of the otherwise applicable two-year statute of limitation, Code Ann. § 3-1102, Sheats alleged that he was "mentally incapacitated" from the date of the treatment until approximately July of 1977. Appellants denied the material allegations of the complaint and affirmatively defended on the ground that the action was barred by the applicable statute of limitation. After discovery appellants moved for summary judgment, contending that "[f]rom mid-1975 onward, [Sheats] was suffering from no disability but rather was able to conduct the ordinary affairs of life and has been able to do so to the present time." After a hearing and an examination of the entire record, including Sheats' own affidavit opposing the motion to which appellants had raised objections, the trial court denied summary judgment but certified its order for interlocutory review. Appellants' application for an immediate appeal was granted in order that we might clarify the recent holding in *Lowe v. Pue,* 150 Ga. App. 234 (257 SE2d 209) (1979).

Code Ann. § 3-801, made applicable to malpractice actions by Code Ann. § 3-1104, provides: "Infants, idiots, or insane persons, or persons imprisoned, who are such when the cause of action shall have accrued, shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons." In *Lowe v. Bailey,* 112 Ga. App. 516 (145 SE2d 622) (1965) and *Davis v. Hill,* 113 Ga. App. 280 (3) (147 SE2d 868) (1966) allegations of mere temporary mental incapacity resulting from the injury were held to be insufficient as a matter of pleading to invoke the tolling of the statute pursuant to the "insanity" provision of Code Ann. § 3-801. However, in *Lowe v. Pue,* supra, "insane persons" as used in Code Ann. § 3-801 was construed as including the "substantially similar" term "mentally incompetent" persons, there being " 'no distinction between one mentally incompetent and one who is insane.' " *Lowe,* 150 Ga. App. at 235, 236, supra. Accordingly, the *Lowe v. Bailey* and *Davis v. Hill* decisions were overruled and allegations that the statute was tolled by reason of the plaintiff's "mental incapacity" were held to be sufficient to withstand a motion to dismiss under Code Ann. § 81A-112 (b) (6). " '[T]he question . . . is not whether [the plaintiff] is such an idiot or lunatic or so insane that he ought to be sent to the asylum, or even have a guardian for his person, but, was he . . . so "mentally incompetent" (non compos mentis or insane), so unsound in mind, or so imbecile in intellect, that he could not manage his ordinary affairs of life? If there be such a degree of unsoundness of mind or imbecility as to incapacitate one from managing the ordinary business of life, it [would authorize a finding that the plaintiff] was "mentally incompetent" and thus [a

finding] that the statute was tolled during the period of time the [plaintiff] is "mentally incompetent" and until this disability shall have been removed. Code § 3-801 . . . ' [Cit.]" *Lowe,* 150 Ga. App. at 235-236, supra.

In the instant case it is clear that Sheats' allegations that the statute was tolled due to his mental incapacity are sufficient to withstand a motion to dismiss under *Lowe v. Pue.* While the issue in *Lowe v. Pue* was procedural and dealt with the sufficiency of pleadings, here the issue is evidentiary—whether Sheats' allegations of mental incompetency have been effectively pierced and summary judgment erroneously denied to appellants. While it is clear that at a trial on the merits the burden would be on Sheats to prove his mental incapacity, *Arnold v. Limeburger,* 122 Ga. 72, 73 (10) (49 SE 812) (1904), the burden here is on appellants, as movants for summary judgment, to demonstrate that no material issue of fact remains with reference to the tolling of the statute. *Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783 (195 SE2d 277) (1972). Thus the burden was on appellants to prove a negative—that Sheats was *not* mentally incompetent as alleged.

As we construe *Lowe v. Pue,* that decision merely stands for the proposition that, as a matter of pleading, "mental incapacity" is included within "insanity" as used in Code Ann. § 3-801. *Lowe v. Pue* does not change the definition of or the evidentiary proof necessary to demonstrate "mental incapacity." The test for mental incapacity is not whether one did not manage his own affairs, acquiescing in the management thereof by others, or whether one has merely managed his affairs unsuccessfully or badly. That one was not "bright" or not clear about some matters occurring during the period is not evidence of mental incompetency. *Gulf Life Ins. Co. v. Wilson,* 123 Ga. App. 631 (181 SE2d 914) (1971). The test is one of capacity—whether the individual, being of unsound mind, *could not* manage the ordinary affairs of his life. *Kell v. Bridges,* 77 Ga. App. 424 (48 SE2d 780) (1948). " 'Ordinarily the question of mental capacity . . . is a question of fact to be determined by a jury. [Cit.]' [Cits.]" *McCraw v. Watkins,* 242 Ga. 452 (249 SE2d 202) (1978). In meeting their burden of proving that no such issue of fact remains with regard to Sheats' mental capacity, appellants rely upon Sheats' deposition concerning the conduct of his life during the alleged period of disability. Suffice it to say that we agree with appellants' assessment of this deposition as a self-portrait of one who has merely failed to take control of or simply mismanaged the ordinary affairs of life rather than of an individual lacking in the capacity to manage his own affairs. "[P]ersons are presumed to know the nature and consequences of their acts." *Mason v. Fisher,* 143 Ga. App. 573 (239 SE2d 226) (1977). "Every adult is

presumed to be endowed with normal faculties, both mental and physical. [Cit.]" *Simmons v. Classic City Beverages,* 136 Ga. App. 150, 151 (220 SE2d 734) (1975). " 'In the absence of anything to the contrary, every adult is presumed to possess ordinary intelligence, judgment, and discretion. [Cit.]' [Cit.]" *Beasley v. Elder,* 88 Ga. App. 419 (1) (76 SE2d 849) (1953). This evidence of Sheats' conduct authorizes a finding that Sheats had the capacity to manage and, in most respects, was managing and continued to manage, whether successfully or not, the ordinary affairs of his life during that period of time he urges that he was mentally incompetent. *Petteway v. Continental Cas. Co.,* 112 Ga. App. 496 (145 SE2d 635) (1965). Therefore, we conclude that the allegations of Sheats' mental incapacity were pierced by his own deposition. *Parrish v. Ragsdale Realty Co.,* 135 Ga. App. 491 (218 SE2d 164) (1975), and that the burden then shifted back to Sheats to come forward with evidence demonstrating that an issue of fact remained. *Stephens County v. Gaines,* 128 Ga. App. 661 (197 SE2d 424) (1973).

Sheats filed his own affidavit in opposition to the motion. While appellants objected to this affidavit, the trial court properly considered it over those objections in ruling on the motion. Cf. *Stephens v. Stephens,* 239 Ga. 528 (238 SE2d 71) (1977). While we are prepared to concede that this affidavit is in seeming conflict with at least some parts of Sheats' deposition concerning his conduct during the relevant time, we cannot say that this conflict is intentionally or deliberately self-contradictory. Therefore, *Chambers v. C. & S. Nat. Bank,* 242 Ga. 498 (249 SE2d 214) (1978) has no application and the normal rules of construing that evidence on motion for summary judgment apply. *Combs v. Adair Mtg. Co.,* 245 Ga. 296 (264 SE2d 226) (1980). Thus, construing this affidavit most favorably in behalf of Sheats, it is a direct and unequivocal denial by Sheats that he possessed the requisite mental capacity during the time in question to manage certain affairs of his life. In his affidavit, Sheats swears that he was unable to understand or manage "any business which he tried to do on the prompting of someone else" resulting in "someone else having to do it for him or the thing being left undone." Also the affidavit contained Sheats' sworn statement that his Social Security checks were negotiated by him "at someone else's urging and under their direction." "For one who has not strength of mind and reason equal to a clear and full understanding of his act in making a contract is one who is afflicted with an entire loss of understanding." *Barlow v. Strange,* 120 Ga. 1015, 1018 (48 SE 344) (1904). See also *Pace v. Pace,* 220 Ga. 66, 68 (4) (137 SE2d 28) (1964); *Bond v. First Nat. Bank,* 19 Ga. App. 817 (92 SE 285) (1917); *Keith v. McLanahan,* 147 Ga. App. 342 (249 SE2d 128) (1978); *Watkins v. Davis,* 152 Ga. App. 735, 736

(2) (263 SE2d 704) (1979). Compare *Jones v. Smith,* 206 Ga. 162, 165 (8b) (56 SE2d 462) (1949). Thus an accurate characterization of the evidence of record with regard to Sheats' mental capacity is that there is a conflict between his deposition, which would demand a finding that, based upon his conduct, he was not mentally incapacitated, and his affidavit which avers that he was without sufficient mental capacity to perform or understand his conduct during the relevant period. Cf. *Harrell v. Wilson,* 233 Ga. 899 (213 SE2d 871) (1975). Whether Sheats' deposition testimony is entitled to be given more weight than the words of denial in his affidavit is not a question which can be answered on summary judgment. "[A]lthough the plaintiff's proof is equivocal, contradictory and casts serious doubts on his credibility, still, on motion for summary judgment, we can not hold that there is no material issue of fact. A question of credibility can not be resolved on summary judgment. [Cit.]" *Roberson v. Home Ins. Co.,* 149 Ga. App. 590, 592 (254 SE2d 908) (1979). "In a summary judgment case this court cannot consider the credibility of a witness or his affidavit concerning his state of mind or intention; and where his statement in relation thereto conflicts with other strong evidence to the contrary, a jury must decide the credibility question and resolve any remaining conflict." *Capital Auto. Co. v. General Motors Acc. Corp.,* 119 Ga. App. 186 (2) (166 SE2d 584) (1969). We, therefore, conclude that the order denying summary judgment was correct but, in so doing, we are compelled to state that "[i]f the motion were for directed verdict and the evidence were the same, or substantially so, we might very well reach a different result." *Genson v. The Varsity,* 129 Ga. App. 721 (201 SE2d 156) (1973).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JULY 10, 1980 — DECIDED OCTOBER 7, 1980 —

*Michael T. Bennett, Sidney F. Wheeler,* for appellants.
*W. Gary Moore, Maurice D. Davenport,* for appellee.