S90A0571. WILSON v. JAMES.
(392 SE2d 5)

HUNT, Justice.

The sole question in this appeal is whether stepchildren are included in the meaning of "children" as used in OCGA §§ 29-5-6 (a) (2) (F) and 29-5-6 (b) (2) (C), relating to the notice requirements for appointment of a guardian for an allegedly incompetent person. The foregoing statutes require notice of a petition for appointment of a guardian to be sent:

. . . to the spouse and all adult children of the proposed ward

---

whose addresses are known; or if none, . . . to the two next of kin whose addresses are known, or, if only one, then that one; or, if none, . . . to two adult friends of the ward.

Here, the petition seeking appointment of a guardian listed, as individuals to receive notice of the proceeding, the proposed ward's two stepdaughters and stepson. The trial court held the ward's stepchildren are not children under the guardianship statute, nor are they next of kin and, because there were individuals in this case related to the ward by blood, who were not notified of the guardianship proceedings, the appointment of the guardian was void.

OCGA § 1-3-2 provides that the words used in the code "shall have the meaning specified, unless the context in which the word or term is used clearly requires that a different meaning be used." We note that although the legislature has broadened the definition of the term "children" under inheritance proceedings to include adopted children and, under certain circumstances, illegitimate children, it has not so included stepchildren. OCGA §§ 19-18-14 (a) (2); 53-4-4. Further, stepchildren are distinguished from children in that the former do not share in intestate distribution. OCGA § 53-4-2.

We hold that stepchildren are not included within the definition of "children" for purposes of the guardian-appointment statutes. Accordingly, the trial court correctly held the appointment of the guardian void in this case. See generally *Edwards v. Lampkin*, 112 Ga. App. 128 (144 SE2d 119) (1965), aff'd., 221 Ga. 486 (145 SE2d 518) (1965).

*Judgment affirmed. All the Justices concur.*

Decided June 7, 1990.

*Allen & Perry, Roy L. Allen II*, for appellant.
*Brennan, Harris & Rominger, Richard A. Rominger, Julie Dampier Majer*, for appellee.