A90A0109. BRANCH v. CARR.
(396 SE2d 276)

CARLEY, Chief Judge.

Appellant-plaintiff sued defendant and others seeking damages pursuant to 42 USC § 1983 based upon her allegations that defendant assaulted her on January 4, 1985, at the time of her admission to a hospital. Suit was filed on May 22, 1987, and defendant-appellee affirmatively asserted that the cause of action was barred by the statute of limitations. In her complaint, appellant alleged that since the date of the incident complained of, she has been "incompetent to manage her affairs." In opposition to appellee's motion for summary judgment, appellant contended that the period of limitations was tolled because of this alleged incapacity. See OCGA §§ 9-3-90; 9-3-91. However, in her deposition, appellant testified that she was "mentally competent to handle [her] affairs and to bring this lawsuit" and that "since January of 1985," she has been able "to handle [her] personal and legal affairs." Other than the averments of her complaint, appellant has produced no evidence of incapacity which would constitute a tolling of the statute of limitations. The trial court, finding that appellant's "own testimony indicates that she was competent to manage her affairs," granted summary judgment in favor of appellee on the basis that appellant's action was barred by the statute of limitations.

"The test is one of capacity — whether the individual, being of unsound mind, *could not* manage the ordinary affairs of [her] life.

[Cit.]" (Emphasis in original.) *Tri-Cities Hosp. Auth. v. Sheats*, 156 Ga. App. 28, 30 (273 SE2d 903) (1980), aff'd 247 Ga. 713 (279 SE2d 210) (1981). In *Sheats*, as in this case, the plaintiff asserted that the statute of limitations was tolled based upon the allegations in the complaint that she was mentally incapacitated. Thus, this Court "conclude[d] that the allegations of Sheats' mental incapacity were pierced by his own deposition [cit.], and that the burden then shifted back to Sheats to come forward with evidence demonstrating that an issue of fact remained. [Cit.]" *Tri-Cities Hosp. Auth. v. Sheats*, supra, 31. In *Sheats*, this Court affirmed the denial of the defendant's motion for summary judgment because the record showed that the plaintiff *did* come forward with evidence "demonstrating that an issue of fact remained." Unlike the situation in *Sheats*, however, appellant has not "come forward" with any evidence contradicting her deposition testimony that, at all relevant times, she has been capable of managing her own affairs.

"Sanity or insanity is a proper subject for opinion evidence, and where the question under examination . . . shall be one of opinion, *any witness* may swear to his opinion or belief, giving his reasons therefor. [Cits.]" (Emphasis supplied.) *Jarrard v. State*, 206 Ga. 112 (3) (55 SE2d 706) (1949). In addressing the issue of whether the statute of limitations has been tolled, the courts of this State have consistently relied upon the testimony that was given by a plaintiff as to his or her own mental soundness or unsoundness. See *Chapman v. Burks*, 183 Ga. App. 103 (357 SE2d 832) (1987); *Whisnant v. Coots*, 176 Ga. App. 724 (337 SE2d 766) (1985); *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 596 (2) (327 SE2d 736) (1985); *Tri-Cities Hosp. Auth. v. Sheats*, supra. Accordingly, on the basis of the record before the trial court, no genuine issue of material fact remained, and the trial court correctly granted summary judgment based upon appellee's statute of limitations defense.

*Judgment affirmed. Deen, P. J., Banke, P. J., Birdsong, Sognier, Pope, Beasley and Cooper, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

The question presented for decision in this case is whether the two-year statute of limitation was tolled on account of plaintiff's alleged mental illness. See OCGA §§ 9-3-90; 9-3-91. The answer to this question, the majority concludes, lies in plaintiff's own deposition testimony. This testimony is found in a deposition taken by the defendants, two of which are not named appellees in the case sub judice.

Plaintiff deposed that, at the time of the incident in question, she was in a mental hospital; that, following the incident, she was involuntarily placed in a mental hospital 12 times and voluntarily placed herself in a mental hospital one more time because she was hearing

voices; and that she received and continues to receive disability benefits from the Social Security Administration because she "get upset, screaming and hollering." Plaintiff also deposed that at some point in her adult life, her mother was appointed as her guardian. Asked, however, upon cross-examination by the defendant, if she was mentally competent and able to manage her affairs following the incident in question, plaintiff responded affirmatively.

Although plaintiff's testimony fails to demonstrate the length of time during which she was mentally incapacitated, I am of the opinion that the trial court erred in granting defendant's motion for summary judgment. Why? Because defendant failed to present any evidence piercing plaintiff's allegation of incapacity.

In my view, plaintiff's admission on deposition that she was competent and capable of managing her affairs is of no import because "[a] witness cannot be permitted to testify to his [or her] own mental soundness or unsoundness." 32 CJS, Evidence, § 546 (28). Various evidentiary reasons have been given for a rule such as this. See, e.g., *Frisone v. United States*, 270 F2d 401, 403 (9th Cir. 1959); *O'Connell v. Beecher*, 47 NYS 334, 335 (1897). Such a rule is inherently logical and necessary, where, as here, a party seeks the tolling of a statute of limitation on the ground that he or she was incapacitated as a result of mental illness.

I recognize that this Court has previously considered the testimony of a party about his or her own incapacity in order to assess whether a statute of limitation should have been tolled. See, e.g., *Chapman v. Burks*, 183 Ga. App. 103 (357 SE2d 832); *Whisnant v. Coots*, 176 Ga. App. 724 (337 SE2d 766). In those cases, however, the parties' incapacity was alleged to have stemmed from physical injury. The case sub judice is different. Plaintiff's incapacity is alleged to have resulted from long-standing mental illness. In a case such as this, a witness should be prohibited from testifying as to his or her own mental soundness or unsoundness.

Application of a rule prohibiting a witness, the plaintiff in the case sub judice, from testifying to her own mental capacity would leave defendant without any evidence to support his motion for summary judgment. It would follow that the trial court erred in granting defendant's motion. Accordingly, I respectfully dissent.

DECIDED JULY 6, 1990 —
REHEARING DENIED JULY 26, 1990.

E. Ronald Garnett, for appellant.

Richard R. Mehrhof, Jr., Paul H. Dunbar III, Michael J. Bowers, Attorney General, Jennifer L. Hackemeyer, Assistant Attorney Gen-

*eral*, for appellee.

