## A90A1624. YANDLE v. MITCHELL MOTORS, INC.
### (404 SE2d 313)

CARLEY, Judge.

A notation was placed in appellant-plaintiff's personnel file indicating that the reason for the termination of his employment as appellee-defendant's salesman was a "lack of sales effort resulting in low production." When prospective employers thereafter contacted appellee to inquire about appellant's work history, this information from his personnel file was read to them. Alleging that these communications were defamatory, appellant brought the instant tort action against appellee. After discovery, appellee successfully moved for summary judgment. Appellant appeals from the trial court's grant of summary judgment in favor of appellee.

In his deposition, appellant acknowledged the literal truth of the allegedly defamatory communications. He conceded that "what happened" in the five months preceding the termination of his employment was a "lack of sales effort resulting in low production" on his part, but he nevertheless urged that the communications were "just very incomplete." According to appellant, the communications were "incomplete" because they failed also to inform prospective employers that it was his child's very serious illness which had been the underlying reason for his "lack of sales effort resulting in low production."

"To be actionable the [allegedly defamatory] statement must be both false and malicious. [Cit.]" *Williams v. Trust Co. of Ga.*, 140 Ga. App. 49, 50 (I) (230 SE2d 45) (1976). "The truth of the charge made may always be proved in justification of an alleged libel or slander." OCGA § 51-5-6. The evidence of record in the instant case demonstrates that appellant seeks to recover under the theory that the allegedly defamatory communications to prospective employers "did not tell the 'whole truth' rather than that [they were] false. . . . '[A]n omission of information from a statement admittedly published will not support an action for libel. [Cit.]' [Cit.]" *Jim Walter Homes v. Strickland*, 185 Ga. App. 306, 309 (1) (363 SE2d 834) (1987). Having truthfully reported the immediate cause for its decision to discharge appellant, appellee may have had a moral duty also to report any un-

derlying extenuating circumstances, but its failure to have done so was not a breach of a legal duty which exposed it to liability for defamation.

Appellant's reliance upon *Kaplan v. Edmondson*, 68 Ga. App. 151 (22 SE2d 343) (1942) and the concept of defamation by innuendo is misplaced. "The office of an innuendo is merely to explain the ambiguity, where the precise meaning of terms employed in an alleged [defamatory] statement may require elucidation." *Whitley v. Newman*, 9 Ga. App. 89 (2) (70 SE 686) (1911). However, there is no issue in the instant case as to whether the language contained in the communications which were published to appellant's prospective employers is construable as an actionable defamation. The language of those communications is unambiguous and, if otherwise shown to be both false and malicious, clearly could authorize a recovery for defamation. See generally *Stanley v. Moore*, 48 Ga. App. 704 (173 SE 190) (1934). The dispositive issue in the instant case is whether the unambiguous communications were true and would, therefore, afford appellant no basis for a recovery. As previously discussed, an omission from the otherwise truthful communications of a reference to the underlying extenuating circumstances regarding the termination of appellant's employment did not render those communications false and actionable defamations.

The undisputed evidence of record shows that no genuine issue of material fact remains as to truth of the allegedly defamatory communications. It follows that the trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 7, 1991 —
REHEARING DENIED MARCH 21, 1991 —

*Hatcher, Irvin & Pressley, Jerry B. Hatcher*, for appellant.
*Schwall, Ruff & Goodman, Emory A. Schwall, Robert S. Wayne* for appellee.