A94A0701. JOHNSON et al. v. JONES et al.
(448 SE2d 1)

McMURRAY, Presiding Judge.

This action began with a petition for appointment of a guardian for an alleged incapacitated adult, Mary Williamson. The petitioners were Beatrice Jones and Emmett Williamson, a niece and a son of the ward. The petition sought appointment of Beatrice Jones as guardian and provided the names and addresses of an additional son and daughter. The ward was found to be incapacitated due to a "mental disability with Alzheimer-like symptoms" and Beatrice Jones was appointed as guardian of the person and property of the ward. The only significant asset of the ward's estate, other than monthly social security checks, was a pending medical malpractice action. A settlement agreement was reached concerning this claim and application made to the probate court to approve a settlement in the approximate amount of $100,000. Apparently at a hearing in connection with approval of the settlement agreement, the probate court determined that Beatrice Jones was in a potential conflict situation as to the estate of the ward and she was removed as guardian of the property. The county guardian was appointed as guardian of the ward's property and authorized to settle the disputed medical malpractice claim.

Shortly thereafter, appellant James Larry Johnson, an adult son of the ward filed a pro se "Petition for Hearing" containing various allegations concerning the ward's medical malpractice action and the procedure used in the guardianship procedure. These allegations include a suggestion that none of the ward's adult children had been informed of the petition for guardianship. Appellant was the ward's son listed in the petition for guardianship and whom the probate court had ordered notified by mail sent to the address provided in the application.

A hearing was held to consider the issues raised in appellant's pro se petition for a hearing. After receiving evidence and argument at this hearing, the probate judge entered an order ratifying the previous orders of that court. Appellant, once more acting pro se, then filed this appeal. *Held*:

1. The first two enumerations of error maintain that the appointment of Beatrice Jones as guardian was void because the petition for appointment of the guardian failed to name one child of the ward and

gave a false address for another. OCGA § 29-5-6 (a) (2) (F) requires that the names and addresses of all adult children of the proposed ward who are living and whose addresses are known must be set forth in the petition for appointment of the guardian. OCGA § 29-5-6 (b) (2) (C) requires that these individuals be notified of the proceedings. In the absence of compliance with these notice provisions the probate court may lack jurisdiction to consider the petition for appointment of a guardian. *Wilson v. James*, 260 Ga. 234 (392 SE2d 5); *Edwards v. Lampkin*, 112 Ga. App. 128 (144 SE2d 119), aff'd at 221 Ga. 486 (145 SE2d 518). Compare *Phillips v. Phillips*, 202 Ga. 776 (44 SE2d 767).

One adult child of the ward, Marvin Johnson, was omitted from the petition to appoint a guardian because the petitioner did not have an address for him. While appellant maintains that an address for Marvin Johnson could have been acquired by inquiry with a sister-in-law, Beatrice Jones disputed this supposition. At most there was a disputed factual question resolved against appellant as to whether Marvin Johnson's address was known.

Appellant also maintains that petitioner Beatrice Jones knowingly used a false address for him on the petition for appointment of guardian resulting in his not being notified of the proceeding. Appellant established that Beatrice Jones knew that at the time of the filing of the petition for appointment of guardian that he was incarcerated in the county jail while the petition shows and notice was mailed to his prior residence address. This presents an interesting question as to when a jail becomes the residence of an incarcerated person. However, in the absence of evidence as to the period of appellant's incarceration, we cannot say that a conclusion that appellant failed to establish a new residence or terminate the old residence is incorrect. Thus, the record fails to establish any failure to comply with the statutory notice requirements in connection with the guardianship proceedings.

2. Appellant's third enumeration of error complains of the use of a second petitioner who is known to be mentally incapacitated. See OCGA § 29-5-6 (a) (3). Evidence was presented that the second petitioner, Emmett Williamson, received social security disability benefits based on a mental disability. Nonetheless, there was no evidence that Emmett Williamson had been adjudicated to be incapacitated pursuant to OCGA Ch. 29-5, thus pursuant to OCGA § 29-5-7 (c) he may not be presumed to be incapacitated or disqualified to petition for appointment of a guardian for his mother. The evidence presented was not sufficient to compel a finding that the presumption in favor of sound mind and discretion had been overcome in regard to Emmett Williamson. See *Tri-Cities Hosp. Auth. v. Sheats*, 156 Ga. App. 28, 30 (273 SE2d 903).

3. We have reviewed appellant's remaining three enumerations of

error and found them to be without merit because each fails to present any issue properly preserved for appellate review. As an appellate court we are concerned with the correction of errors of law committed by lower courts and where an issue has not been properly submitted for a ruling below, there is nothing to review on appeal. *Minton v. State*, 205 Ga. App. 430, 432 (3) (422 SE2d 300).

4. The motion for assessment of a penalty against appellant for frivolous appeal pursuant to Court of Appeals Rule 26 (b), submitted by appellee Beatrice Jones, is denied.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED MAY 11, 1994 —
RECONSIDERATION DISMISSED AUGUST 9, 1994.

James L. Johnson, *pro se.*
James M. Crawford, for appellees.