**Luise P. MERMAN, Plaintiffs,**

v.

**OTIS ELEVATOR CO., a New Jersey corporation, Defendant.**

**No. 92–1895–CIV.**

United States District Court,
S.D. Florida.

June 2, 1994.

---

Robert A. Rosenblatt, Robert Alan Rosenblatt, P.A., Miami, FL, for Luise P. Merman.

Thomas E. Ice, Barwick, Dillian & Lambert, P.A., Miami Shores, FL, for Otis Elevator.

### FINAL SUMMARY JUDGMENT

FERGUSON, District Judge.

THIS CAUSE came before the court *sua sponte* for reconsideration of its previous order denying defendant's motion for summary judgment. The questions presented are whether the plaintiff was legally incompetent to manage her own affairs so that the statute of limitations was tolled, and whether the issue of legal capacity may be determined as a matter of law.

Subsequent to the previous finding of this court, that a genuine issue of material fact exists to preclude summary judgment in favor of the defendant, the parties entered into a Joint Pretrial Stipulation in which the parties stipulated to the material facts which are set out below.

Therefore, the court has reconsidered the defendant's motion for summary judgment, heard oral argument of counsel, considered the new pretrial stipulations, counsels' memoranda of law, and the plaintiff's deposition, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that defendant's Motion for Summary Judgment is hereby **GRANTED** based on the following facts and legal analysis.

### BACKGROUND

Luise Merman filed a lawsuit against Otis Elevator Company in September of 1991 alleging that she was injured when struck by elevator doors while exiting the elevator at the Delta Airlines reservation building in At-

lanta, Georgia, where she was employed. Otis Elevator Company raised a statute of limitations defense arguing that the claim was barred because the alleged injury occurred in November of 1988 and Georgia law requires all tort claims to be filed within two years of the injury. Merman claimed that the statute of limitations was tolled because, during the two-year period in issue, she suffered from Dysthymia, a depressive disorder, and therefore was "legally incompetent due to mental illness." Merman based her tolling argument on section 9–3–90 of the Georgia statutes which provides a tolling period for persons who are legally incompetent due to mental illness. It is undisputed that Merman's mental incapacity was unconnected with any injuries sustained in her encounter with the elevator door.

In the pretrial catalogue filed in this case, the parties stipulated to the following facts regarding plaintiff's activities during the period following the accident and before filing this lawsuit.

### AGREED FACTS

The plaintiff performed all the activities associated with her personal hygiene, including dressing and undressing herself. She provided care for her pets, two dogs and a cat. After the elevator accident, Merman continued her employment with Delta Air Lines, earning $29,340.31, $36,222.00 and $36,449.00 during 1989, 1990, and 1991, respectively. During this time period, she moved her residence and consulted with and retained attorneys. She also conferred with, and hired, an accountant to prepare her tax returns. Several checking accounts and a savings account were opened by the plaintiff who regularly conducted banking transactions. She collected rent for the rental property she owned. Ms. Merman possessed a drivers license, owned an automobile, and drove on a regular basis. She travelled to Washington, D.C., Salt Lake City and Wyoming to visit friends and went on a Caribbean cruise.

### GEORGIA LAW

The parties are in agreement that Georgia law controls the statute of limitations issue in this case. See *Bates v. Cook, Inc.,* 509 So.2d 1112 (Fla.1987); § 95.10, Fla.Stats.

Section 9–3–90 of the Georgia Code provides a tolling of the statute of limitation for filing a lawsuit for "persons who are legally incompetent because of mental retardation or mental illness." According to the Georgia appeals court, "the test is one of capacity—whether the individual, being of unsound mind, could not manage the ordinary affairs of his life." *Whisnant v. Coots,* 176 Ga.App. 724, 337 S.E.2d 766, 767 (1985); *Tri–Cities Hosp. Auth. v. Sheats,* 156 Ga. App. 28, 273 S.E.2d 903 (1980). Accordingly, the statute of limitations may be tolled where the plaintiff is so incapacitated as to be "incapable of acting for himself in carrying on his business and in prosecuting his claim." *Lowe v. Pue,* 150 Ga.App. 234, 257 S.E.2d 209, 210 (1979).

On motion for summary judgment, however, the defendant may pierce the plaintiff's claim of mental incapacity by showing inconsistency in the statements and evidence. Where the plaintiff alleges by affidavit that the limitations statute should be tolled because she was mentally incapable of acting for herself and unable to function on a day-to-day basis during the relevant time period, the defendant may contradict the affidavit with plaintiff's own testimony. See e.g., *Lawson v. Glover,* 957 F.2d 801 (11th Cir. 1987). If the plaintiff's own testimony contradicts the averment in her affidavit, the plaintiff has the burden to come forward with a reasonable explanation for the contradiction. Whether the plaintiff has successfully met that burden is an issue of law for the trial court. *Hickey v. Askren,* 198 Ga.App. 718, 403 S.E.2d 225, 229 (1991).

Where the undisputed facts are insufficient in themselves to establish that the plaintiff was so "unsound in mind, or so imbecile in intellect that [s]he could not manage [her] ordinary affairs of life", the trial court may determine the capacity issue as a matter of law. *Chapman v. Burks,* 183 Ga. App. 103, 357 S.E.2d 832 (1987),; *Hickey v. Askren,* 198 Ga.App. 718, 403 S.E.2d 225 (1991), cert. denied (Ga.1991); *Whisnant v. Coots,* 176 Ga.App. 724, 337 S.E.2d 766 (1985). Thus, in *Curlee v. Mock Enters., Inc.,* 173 Ga.App. 594, 327 S.E.2d 736 (1985), the Georgia appeals court upheld a trial court

ruling that no issues of fact remained for jury consideration where the record showed that the plaintiff managed the ordinary affairs of his life by performing such acts as hiring attorneys, holding down a job, going on trips, and moving his residence. The court held that under the circumstances, "the evidence of Curlee's conduct would not authorize a finding that he was mentally incapacitated in the sense necessary to toll the statute." 327 S.E.2d at 742, 173 Ga.App. 594.

### CONCLUSION

Merman's claim that she was mentally incapable of bringing a lawsuit within the applicable limitations period is contradicted by the undisputed facts in this case. She failed to present evidence to explain the contradiction between her averment of lack of mental capacity and her deposition testimony that showed beyond dispute that she was capable of managing her daily affairs. Because no genuine issues of fact remain on the issue of plaintiff's ability to manage her ordinary affairs, and the undisputed facts are insufficient to toll the running of the statute of limitations, the defendant is entitled to this summary judgment based on the running of the statute of limitation.

Final Judgment is hereby entered for the defendant and the plaintiff shall take nothing in this action.

**DONE AND ORDERED.**