A94A2109. RASKIN v. SWANN et al.
(454 SE2d 809)

McMURRAY, Presiding Judge.

Plaintiff Fred Raskin brought this pro se complaint against defendant Southeastern Newspaper Corporation and one of its reporters, defendant Amy Swann, alleging that Ms. Swann fraudulently and deceitfully "induced plaintiff to grant [a jailhouse] interview . . ." in Augusta, Georgia. As amended, the complaint further alleged that the article of the interview as printed in the newspaper omits the "best material about [plaintiff's murdered wife, Karen Raskin, . . .] and portrayed [plaintiff] as a crazy killer of his wife."[1] The complaint expressly alleged that the statute of limitation was tolled by operation of "OCGA 9-3-90, because of mental illness; . . . and OCGA 9-3-91, because of mental disability." Defendants nevertheless moved for summary judgment on the ground that the two-year limitation period of OCGA § 9-3-33 for personal injuries had run against plaintiff's complaint. In support of their motion, defendants submitted the affidavit of defendant Ms. Swann, who deposed that on "February 8, 1989, [she] interviewed [plaintiff] by telephone while he was confined

---

[1] Fred Raskin's conviction for the murder of his estranged wife was affirmed on direct appeal by the Georgia Supreme Court. *Raskin v. State,* 261 Ga. 848 (412 SE2d 832).

and waiting trial in Augusta." She identified as her writing the article "published in the morning and afternoon editions of *The Augusta Chronicle* and *Augusta Herald* on February 9, 1989." The complaint was not filed until March 4, 1993. Defendants further relied on the deposition of Dr. Everett C. Kuglar, the former "medical director of the Forensic Services Unit at Central State Hospital. . . ." Dr. Kuglar was the state psychiatrist who had examined plaintiff in 1989 in conjunction with the murder prosecution and was then of the opinion that plaintiff was "competent to stand trial." Even though plaintiff had suffered from a type of mental illness known as "bipolar disorder for several years," Dr. Kuglar concluded that by "June of 1989, [plaintiff's] mental condition had significantly improved." Dr. Kuglar was of the professional opinion that "by that date [plaintiff] would be able to understand whether any civil wrongs had been committed against him or not."

In opposition, plaintiff submitted his own affidavit, deposing that he sustained a frontal lobe "brain injury" and is legally blind as a result of an automobile collision in 1962. He also "was diagnosed as manic depressive (bipolar disorder) in 1979 at Parkwood Hospital, Atlanta." Plaintiff further stated: "My thoughts are disorganized a lot and I am confused. I usually have poor judgment and my judgment is impaired. I lose my coordination, have racing thoughts and lack of concentration and comprehension; am very forgetfull [sic]." "This affects my day to day life and my ability to manage the ordinary affairs of my life." Plaintiff also resisted defendants' motion by objecting to the use of opinion evidence.

The trial court granted defendants' motion for summary judgment and this appeal followed. *Held*:

Plaintiff correctly contends that expert opinion evidence generally is not sufficient to authorize the grant of summary judgment over a timely objection. See *Bell v. Sellers*, 248 Ga. 424, 425 (1) (283 SE2d 877). Moreover, a plaintiff may testify as to his own mental soundness or unsoundness. *Branch v. Carr*, 196 Ga. App. 534, 535 (396 SE2d 276). The trial court erred in concluding that plaintiff's affidavit was insufficient to establish the existence of a factual question. "Nonetheless, even if the motion for summary judgment was granted for an erroneous reason, it will be affirmed if it should have been granted for another reason. See *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185, 189 (2) (345 SE2d 858) (1986)." *Dominiak v. Camden Tel. &c. Co.*, 205 Ga. App. 620, 622 (2) (422 SE2d 887). In the case sub judice, although the pro se complaint is cast in terms of fraud and breach of an alleged agreement, the gravamen of the cause of action is defamation. However, plaintiff does not allege that the article published a false statement. Rather he contends only that the publication is misleadingly incomplete. For purposes of this appeal, even if we were to assume

the allegations that the reporter deceived plaintiff and fraudulently induced him to give the interview were truthful, in the absence of an allegation that the publication itself is false (as opposed to the reporter's actions), plaintiff's complaint fails to state a claim for which money damages may be awarded. *Cox Enterprises v. Thrasher*, 264 Ga. 235, 236 (1) (442 SE2d 740). See also *Yandle v. Mitchell Motors*, 199 Ga. App. 211 (404 SE2d 313). The act of defendants in publishing a truthful article will not support a cause of action for the intentional infliction of emotional distress. *Tucker v. News Publishing Co.*, 197 Ga. App. 85, 87 (2) (397 SE2d 499). In the case sub judice, any factual question as to the tolling of the statute of limitation due to defendant's mental condition is ultimately immaterial.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 3, 1995.

Fred Raskin, *pro se.*

Hull, Towill, Norman & Barrett, David E. Hudson, for appellees.