A05A0249. McDONALD v. FEW et al.
(607 SE2d 265)

ELDRIDGE, Judge.

This is an appeal from the grant of summary judgment against Linda McDonald on her libel suit; she was a member of the Augusta-Richmond County Fire Department (ARCFD) in Georgia. In 1999, former fire chief Ronnie Few decided to host the Southeastern Fire Chief's Convention in Augusta. Few and Katrice Bryant, the department's former public information officer, were to determine the number of logo items to order from Dan Cook Associates to give away or to sell to defray the cost of the convention. Attendance at the convention was below expectations, and there was a $23,000 shortfall of revenues to pay the cost of the items purchased for giveaway and sale. In the departmental paper, the "Siren," Bryant, with Few's approval, accused McDonald in an advertisement of ordering too many articles and causing the revenue problems. Bryant prepared a report accounting for the funds at the direction of the Augusta-Richmond County Commission. Prior to filing the report with the commission, Bryant sent a copy to the Southeastern Fire Chief's Association; the report accused McDonald of ordering and negotiating the prices for the souvenirs and failing to inform Few and Bryant of the amount of the order. McDonald contended that the article and the letter were false. The trial court granted summary judgment; finding no error, we affirm.

---

[18] *Stefanell*, supra.
[19] See id.

Few and Bryant were responsible for determining the number of convention attendees and, therefore, the amount of materials to order. A few weeks before the convention, Few and Bryant made a final decision of the number of items to order, using Dan Cook Associates' price list. After the revenue shortfall, in the report to the Commission copied to the Southeastern Fire Chief's Association, Bryant accused McDonald of negotiating the prices of the souvenirs and ordering them without telling Few and Bryant. To sell the souvenirs, Bryant ran an advertisement in the "Siren," offering to sell the unsold souvenirs at the price "Linda negotiated" and accused McDonald of "order[ing] too many goodies that have not been sold." Bryant testified that she had no intent to cause harm to McDonald and that she had attempted to be humorous like a "jail and bail type fund raiser." McDonald contended that she was merely a contact person for Dan Cook Associates; however, Few and Bryant testified that McDonald negotiated and ordered the souvenirs and that their input was only as to type and color of items to be ordered. There is no dispute that McDonald placed the order. The Dan Cook Associates invoice listed McDonald as the person placing the order.

The falsehood in the letter was that McDonald was the only one who did not submit her invoices in a timely fashion. The Dan Cook invoices were delayed, because Few and Bryant changed the order in the final weeks. In the report, Bryant denied that she and Few were aware of the contract with Dan Cook Associates. Finally, the report falsely stated that McDonald was responsible for determining the amount of items to purchase and at what price to purchase them.

Few had an agreement with the Southeastern Fire Chief's Association to split the revenue from souvenir sales in excess of the convention expenses. At the time of the convention, Few was a member only and held no official position with the Association. The accounting information and statements of receipts and disbursements were sent only to the Commission along with the report.

1. McDonald contends that the trial court erred in granting summary judgment on the advertisement in the "Siren" as libelous of her.

"The truth of the charge made may always be proved in justification of an alleged libel or slander." OCGA § 51-5-6. McDonald admitted that she had placed the order with Dan Cook Associates as stated in the Siren advertisement; thus the advertisement was literally true and correct. Thus, truth is a defense to a suit for defamation. *Yandle v. Mitchell Motors*, 199 Ga. App. 211 (404 SE2d 313) (1991). The failure to include more information or the omission of information from a published statement does not constitute libel, even though it is not the whole truth. *Yandle v. Mitchell Motors*, supra at 212; *Jim Walter Homes v. Strickland*, 185 Ga. App. 306, 309 (1) (363 SE2d 834) (1987).

Having truthfully reported the immediate cause for its decision to discharge [Yandle, Mitchell Motors] may have had a moral duty also to report any underlying extenuating circumstances, but its failure to have done so was not a breach of a legal duty which exposed it to liability for defamation.

*Yandle v. Mitchell Motors*, supra at 211-212; see also *Jaillett v. Ga. Television Co.*, 238 Ga. App. 885, 888-890 (520 SE2d 721) (1999).

2. McDonald contends that the trial court erred in granting summary judgment on libel by sending a copy of the report to the Commission and to the Southeastern Fire Chief's Association; however, Division 1 makes this moot.

3. McDonald contends that the trial court erred in holding that the letter to the Commission was not intended for a wider audience when Bryant specifically copied an organization that was not a governmental entity and over which the Commission had no control.

Few had nothing to do with the report to the Commission drafted by Bryant. In fact, Few had left the Department and was working in Washington, D.C.

Bryant submitted the report to the Commission, the administrator, and the mayor as part of her official duties with the ARCFD. Therefore, the report was not as a matter of tort law published for purposes of defamation. *Cartwright v. Wilbanks*, 247 Ga. App. 187, 189 (2) (541 SE2d 393) (2000).

Further, the Southeastern Fire Chief's Association had a special relationship, because by agreement, it had a financial interest in any profits from the convention; therefore the Association had an interest in why there were no profits. Any communication to it came under a privileged communication, which prevents tort liability for defamation. *Galardi v. Steele-Inman*, 266 Ga. App. 515, 519 (2) (597 SE2d 571) (2004).

Absent publication outside of those who had a privilege to know, there was no libelous publication. Without publication, there is no actionable defamation. *Ekokotu v. Pizza Hut*, 205 Ga. App. 534, 536 (1) (422 SE2d 903) (1992).

4. Enumeration of error no. 4 is controlled by Division 1 and enumeration of error no. 5 is controlled by Divisions 1 and 3.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 30, 2004.

*John M. Brown*, for appellant.

*Burnside, Wall, Daniel, Ellison & Revell, James W. Ellison*, for appellees.