**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 13, 2016**

# In the Court of Appeals of Georgia

A15A2120. IN THE INTEREST OF N. J., a child.          DO-104

DOYLE, Chief Judge.

N. J.'s mother appeals from an order issued by the Douglas County Juvenile Court granting permanent guardianship of N. J. to her paternal grandmother ("the grandmother"). The mother argues that the grandmother failed to comply with mandatory notification procedures, there was insufficient evidence to support permanent guardianship, and the juvenile court erred by failing to establish a specific visitation schedule for the mother. Because the grandmother failed to comply with the requirements of the statute, we reverse.

The record shows that in the latter part of 2013, when N. J. was three years old, her father took her to the grandmother's home to live. On November 10, 2014, the

grandmother filed a petition for permanent guardianship.[1] The grandmother served both the father and the mother with notice of the petition for guardianship, and the juvenile court notified both parents of the final hearing date. After the final hearing, which was held over two days and at which the father consented to the grandmother's petition, the court entered an order granting the grandmother's petition for permanent guardianship.[2] This appeal followed.

1. The mother argues that the order granting permanent guardianship to the grandmother should be reversed because the petition lacked information required by OCGA § 15-11-241 (7). We agree.

OCGA § 15-11-240 (a) provides in relevant part that

[i]n addition to the jurisdiction to appoint guardians pursuant to Code Section 15-11-13, the juvenile court shall be vested with jurisdiction to appoint a permanent guardian for a child adjudicated as a dependent child in accordance with this article. Prior to the entry of such an order, the court shall:

---

[1] The grandmother stated in the petition that the juvenile court entered an order on March 10, 2014, granting temporary custody of N. J. to the grandmother.

[2] The juvenile court noted in the final order that it had previously adjudicated N. J. *deprived* in a separate action. **We note that OCGA § 15-11-240 (a) vests the juvenile courts "with jurisdiction to appoint a permanent guardian for a child adjudicated as a *dependent*." (emphasis supplied).**

2

(1) Find that reasonable efforts to reunify such child with his or her parents would be detrimental to such child or find that the living parents of such child have consented to the permanent guardianship;

(2) Find that termination of parental rights and adoption is not in the best interests of such child;

(3) Find that the proposed permanent guardian can provide a safe and permanent home for such child; [and]

(4) Find that the appointment of a permanent guardian for such child is in the best interests of such child and that *the individual chosen as such child's permanent guardian is the individual most appropriate to be such child's permanent guardian* taking into consideration the best interests of the child. . . .[3]

OCGA § 15-11-241 provides that a "petition for the appointment of a permanent guardian pursuant to this part *shall* set forth,"[4] among other things,

[i]n addition to the petitioner and the nominated guardian and, if the parent of such child has not consented to the permanent guardianship, the names and addresses of the following relatives of such child whose parents' whereabouts are known: (A) The adult siblings of such child; provided, however, that not more than three adult siblings need to be

___

[3] (Emphasis supplied.)

[4] (Emphasis supplied.)

3

listed; (B) If there is no adult sibling of such child, the grandparents of such child; provided, however, that not more than three grandparents need to be listed; or (C) If there is no grandparent of such child, any three of the nearest adult relatives of such child determined according to Code Section 53-2-1.[5]

OCGA § 15-11-241 (9) provides that a petition shall also set forth "[t]he reason for any omission in the petition for appointment of a permanent guardian for such child in the event full particulars are lacking."[6]

Here, as the mother points out, the petition does not contain the names and addresses of the relatives listed in OCGA § 15-11-241 (7), nor does it contain a reason for the omission. Because the mother did not consent to the guardianship, given the mandatory language of the statute and the juvenile court's obligation to determine whether the grandmother "is the individual most appropriate to be [N. J.'s] permanent guardian,"[7] the court erred by granting the grandmother's petition because it lacked the information required by OCGA §§ 15-11-241 (7) and (9).[8]

---

[5] OCGA § 15-11-241 (7).

[6] OCGA § 15-11-241 (9).

[7] OCGA § 15-11-240 (a) (4).

[8] Cf. *Johnson v. Jones*, 214 Ga. App. 386, 387 (1) (448 SE2d 1) (1994) ("In the absence of compliance with [the] notice provisions [of former OCGA § 29-5-6 (b) (2)

4

2. In light of our holding in Division 1, we need not address the mother's remaining enumerations of error.

*Judgment reversed. Phipps, P. J., and Mercier, J., concur.*

---

(C),] the probate court may lack jurisdiction to consider the petition for appointment of a guardian [for an allegedly incapacitated adult].").